## EDWARD CREAR

*v.*

## JOHN CROSSLY.

PRIVATE WAYS — *constitutional law.* The ninety-third section of the act of 1861, authorizing the establishment of a private way over the land of another, against his will, is repugnant to the eighth section of article thirteen of the Constitution of this State. Mr. JUSTICE LAWRENCE dissenting.

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of trespass *quare clausum fregit,* brought in the court below by John Crossly against Edward Crear.

The defendant filed three pleas. The first plea was the plea of the general issue, and was withdrawn. The second plea sets forth that the alleged trespasses consisted in passing over a private highway laid out by the commissioners of highways in accordance with law, that damages were assessed and tendered to the plaintiff. The third plea sets up a right of way by necessity, and that the lands of the plaintiff and defendant being adjoining lands, and title derived from a common grantor, the right of way passed as incident to the grant. The plaintiff filed a general demurrer to the pleas. The court sustained the demurrer, and the defendant abided by his pleas. Judgment was rendered on the demurrer in favor of the plaintiff for ten dollars, being the amount claimed in the declaration. The defendant now brings the case to this court by writ of error.

The only question presented is, as to the constitutionality of the ninety-third section of the act of 1861, authorizing the establishment of a private way over the land of another without his consent.

Mr. LOUIS SHISSLER, for the plaintiff in error.

Messrs. GLOVER, COOK and CAMPBELL, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record involves the same question which was presented and considered in the case of *Nesbitt* v. *Trumbo*, decided at January Term, 1866 (39 Ill. 110). In that case, after a careful consideration of all of the authorities referred to and to which we had access, it was *held*, that the ninety-third section of the act of 1861 (Sess. Laws, 263), authorizing the establishment of a private way over the land of another person, and against his will, is repugnant to the eight section of article thirteen, of our Constitution. Having then, fully considered the question, we deem it unnecessary to again discuss it.

A distinction is, however, endeavored to be drawn, between the appropriation of a man's land, by this proceeding, and a mere right of way over the land. The same distinction was presented but not discussed in the former case. The distinction, although ingeniously urged, we think cannot be maintained. It is true, that a right of way is but an easement, or servitude as it was called in the civil law. But when it shall be acquired and held in the mode prescribed in this enactment, it, in effect, transfers the fee to the way. The act declares, that, when it shall have been located and the damages paid, the person for whose use it was established, his heirs and assigns, shall have the right to open the same, and have the right of way upon the same forever. For all practical purposes, this amounts to a transfer of the land. The owner is deprived of its use and the other acquires its use perpetually. The transfer of the fee could do no more. The mere change of names does not alter the essential qualities of things. The condemnation of property for public use, and appropriation under the right of eminent domain, for highways, railways and canals, do not deprive the owner of his property to the same extent as would this enactment if enforced; as in those cases the property thus taken reverts to the former owner when it ceases to be used for the purpose for which it was condemned, while this section gives it to the person having it condemned and to his heirs and assigns perpetually.

The question of a way of necessity does not arise upon this record, and its discussion is therefore declined. What the rights of the parties may be under such a claim will be determined when the question shall be presented for determination.

The judgment of the court below in holding that a valid right of way was not acquired under this provision of the statute, is affirmed.

*Judgment affirmed.*

Dissenting opinion of Mr. JUSTICE LAWRENCE:

I am not able to concur with the majority of the court in the present case. The grounds of my opinion may be briefly stated as follows:

"If a person, having a close bounded on every side by his own lands, grants the close to another, the grantee shall have a way to the close as incident to the grant, or, as it is sometimes termed, a way of necessity; for otherwise he cannot have any benefit from the grant." 2 Sel. *nisi prius*, 1041.

"So, if the middle of the close be reserved, and the surrounding land sold, a way is to be reserved to the grantor." 2 id. 1042.

These are perfectly well settled principles of the common law.

When the government of the United States grants land from the public domain it makes the grant simply as a land-proprietor, and retains no rights or privileges which a private individual would not retain under like circumstances. *Aldrich* v. *Aldrich*, 37 Ill. 32; *Rogers* v. *Brent*, 5 Gilm. 573. So also its grantee takes the same rights, in reference to others, as if the grant came from an individual owner of the fee, and no more. If the government, after making a grant, owns all the surrounding lands, the grantee takes a right of way over the surrounding land to the public highway as an incident to his grant. And if the government retains the title to a tract of land, having sold the land surrounding it on every side, a right of way to a public road is reserved by implication. This right of way continues in both cases both in favor of and against subsequent grantees, for it is a right created by operation of law and from necessity, to enable owners to enjoy their lands.

I consider our statute in regard to private roads as simply based upon this common law right, and regulating the mode of its exercise. Perhaps it has the effect, by implication, of restraining its exercise to the method pointed out by the statute. But as the right existed before the act was passed, by the established rules of the common law, in regard to the construction of grants, I am unable to see how the act can be considered as impairing a vested right, or taking any portion of the property of one person and giving it to another. The act, in its provisions, is even more favorable to the person over

whose land the right of way is claimed, than was the rule of the common law.    The prohibitions of the Constitution do not, in my opinion, apply to cases where a statute simply re-affirms a principle of the common law fully recognized and established at the time the Constitution was adopted.

I think this judgment should be reversed.