(June 6, 1892.)

## LATAH COUNTY v. PETERSON.

[29 Pac. 1089.]

CONSTITUTIONALITY OF ROAD LAW.—Section 933 of the Revised Laws of Idaho, providing for laying out private or by roads, held to be constitutional.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Freund & Loughary, for Appellant.

The taking of private property for a private road is not conferred by the right of eminent domain; hence, when the legislature undertakes to authorize such appropriation of private property, it is an attempted delegation of a power not possessed by the legislature nor the people in legislative capacity, and is unconstitutional. (*Taylor v. Porter,* 4 Hill, 140, 40 Am. Dec. 274, and note; *Witham v. Osburn,* 4 Or. 318, 18 Am. Rep. 287; *Dickey v. Tennison,* 27 Mo. 373; *Commonwealth v. Cambridge,* 7 Mass. 158; *Nesbitt v. Trumbo,* 39 Ill. 110, 89 Am. Dec. 290; *Crear v. Crossly,* 40 Ill. 175; *Stewart v. Hartman,* 46 Ind. 331; *Blackman v. Halves,* 72 Ind. 515.)

When the order of an inferior tribunal or of some precedent authority is necessary, a court acting without such order is without jurisdiction. (*Lane v. Pferdner,* 56 Cal. 122; *Danielwitz v. Temple,* 55 Cal. 42; *Walbridge v. Ellsworth,* 44 Cal. 353.)

Forney & Tillinghast and Mitchell & West, for Respondent.

Judgment will not be arrested for lack of an essential averment in the declaration which is contained by implication in the averments used, or which may have been considered to have been proved as a part of what is alleged. (Black on Judgments, sec. 100.)

MORGAN, J.—On or before the fifteenth day of July, 1890, a petition in due form was presented to the board of county commissioners of Latah county, praying for the establishment of a private or by-road over the lands belonging to the defendant, E. G. Peterson, described in plaintiff's complaint. On said fifteenth day of July, the board of county commissioners appointed three viewers, and directed that said viewers should meet on the fifth day of September, 1890, and view and survey and mark out said road, and estimate the damages accruing to nonconsenting land owners. The said viewers met as directed; surveyed and marked out the road; platted and mapped the same; made their report to said board, which thereupon ordered the road overseer to tender to defendant, who was a nonconsenting land owner, the sum of money awarded to him, which sum the defendant refused to accept. Thereupon this suit was commenced. The cause was tried before the Honorable W. G. Piper, judge, and a jury. The jury assessed the damages accruing to defendant at $100. Judgment of condemnation was thereupon entered. Defendant appealed from said judgment to this court. The principal contention of the appellant is that the act of the territorial legislature, to wit, section 933 of the Revised Statutes of Idaho, is unconstitutional, for the reason that it attempts to take private property for private use. It is a general rule that the right of eminent

domain does not imply a right in the sovereign power to take the property of one citizen, and transfer it to another, even for a full compensation, where the public interest will be in no way promoted by such transfer. This doctrine, in the absence of any constitutional provision, is established by a long line of decisions not necessary here to enumerate. Among other decisions, the appellant cites *Osborn v. Hart,* 24 Wis. 89. The statute of Wisconsin authorized the laying out of private roads upon the application of any freeholder, such applicant to pay all damages and costs. To this was added by the same statute the further provision that "such private road, when so laid out, shall be for the use of the applicant, his heirs or assigns, . . . . nor shall the owner of the land through which such roads shall be laid out be permitted to use the same as a road, unless he shall have signified his intention of so doing, . . . . before the damages were ascertained." The court held in above case that, inasmuch as the public could not use such road, and had no interest in it, and the owner of the land could not use it, the law could not be sustained. It will be noticed that our statute (section 933 et seq.) contains no such exclusive provisions, but a private road, when opened, can be used for any purpose to which it is adapted by the general public and by any individual thereof. In the same case the court say: "In some of the states it has been held that these roads, although termed 'private,' yet were in fact public, roads, so far as the right to use them was concerned, and upon this ground the power of the legislature to authorize them to be laid out has been sustained." (*Osborn v. Hart,* 24 Wis. 91, 1 Am. Rep. 161; *Perrine v. Farr,* 22 N. J. L. 356; *In re Hickman,* 4 Harr. (Del.) 580.) In the case of *Witham v. Osburn,* 4 Or. 318, 18 Am. Rep. 287, also cited by appellant, the court hold that private property cannot be taken for exclusively private use, whether compensation be made or not; but the court also hold that the legislature may provide for the establishment of private roads or "byways," as they are termed in our statute, by providing that they shall be public instead of private roads,

and that they may be used by the public. It will be noticed that the decree of the court, in the case at bar, directs that the said highway shall be opened for the use and benefit of the said P. N. Lunstrum, the applicant, and the general public, so that the decree itself provides that it shall be a public, as well as a private, road.

In *Nesbitt v. Trumbo,* 39 Ill. 110, 89 Am. Dec. 290, and *Crear v. Crossly,* 40 Ill. 175, the court hold that section 93 of the act of 1861 (Ill. Stats., p. 263) is unconstitutional, for the reason that it transfers the use of the land condemned to the person for whose use the road was established, his heirs and assigns, forever. The owner is deprived of its use, and the other acquires its use perpetually. For all practicable purposes, this amounts to a transfer of the land. It will be seen that this statute is very different from section 933 of the Revised Statutes of Idaho. The owner of the soil and the general public has as much interest in and the right to the use of such private road, as fully and completely, as the person upon whose application it is opened; and the effect would be that, if the use of the land for such purpose should cease, it would revert to the owner of the soil. In the two last-named cases Mr. Justice Lawrence, one of the most eminent jurists of his time, dissents from the opinion of the court, and giving his reasons, in *Crear v. Crossly,* he says: "If the government, after making a grant, owns all the surrounding lands, the grantee takes a right of way over the surrounding land to the public highway as an incident to his grant; and if the government retains the title to a tract of land, having sold the land surrounding it on every side, a right of way to a public road is reserved by implication. This right of way continues in both cases, both in favor of and against subsequent grantees, for it is a right created by operation of law, and from necessity, to enable owners to enjoy their lands. I consider our statute in regard to private roads as simply based on this common-law right, and regulating its exercise. The right existed before the act was passed, by the established rules of the common law in

regard to the construction of grants." These reasons apply with equal force to our own statute, and in our opinion would be sufficient reason for upholding it, were there no other authority. There is abundant authority, however, for sustaining the statute in the decisions of the courts. Where the road, though laid out upon the application and paid for and kept in repair by a particular individual, who is especially accommodated thereby, is, in fact, a public road, and for the use of all who may desire to use it, then it is regarded as accomplishing a public purpose for which land may be condemned. (Lewis on Eminent Domain, sec. 167; *Shaver v. Starrett,* 4 Ohio St. 494; *Ferris v. Bramble,* 5 Ohio St. 109; *Denham v. Commissioners,* 108 Mass. 202; *Sherman v. Buick,* 32 Cal. 241, 91 Am. Dec. 577, and note, and cases there cited; *Monterey County v. Cushing,* 83 Cal. 507, 23 Pac. 700; *Brock v. Town of Barnet,* 57 Vt. 172.) The constitution (article 1, section 14) substantially recognizes the right of the legislature to provide for laying out private roads or byways, as follows: "The necessary use of lands for reservoirs or storage basins, for the purposes of irrigation, or for rights of way for the construction of canals, ditches, flumes or pipes, . . . . or any other use necessary to the complete development of the material resources of the state, . . . . is hereby declared to be a public use." This provision is certainly sufficient to authorize the legislature to provide for the establishment of byways, or pentways, as they are sometimes called, or private roads, which are for the use of anyone who may desire to use them. The necessity for such private roads is apparent when it is stated that it would be impossible to improve very many valuable tracts of land in this state which are not reached by public highways, unless this power existed. Such roads are therefore necessary to the complete development of the material resources of the state. We are therefore of the opinion that section 933 of the Revised Statutes of Idaho is constitutional.

The appellant complains that the decree of the court authorizes the condemnation of a strip of land only thirty feet

wide, instead of fifty feet, which is required for the width of highways. It would seem that the person whose land is condemned cannot be heard to complain that the court did not take fifty feet of land instead of thirty feet. It is hardly consistent with his position, since he appears here complaining that any was taken.

The appellant also makes the point that the complaint does not state facts sufficient to constitute a cause of action. We think this point cannot be sustained. The ultimate facts only are necessary to be alleged, and these are sufficiently set forth. The respondent in this case complains that the court below rendered a judgment in form against P. N. Lunstrum for the amount of the damages and one-half the costs, while it is undoubtedly true that no judgment can be rendered against one not a party to the suit. As neither the respondent, the county of Latah, nor Lunstrum, nor Peterson has taken any appeal from this part of the judgment, it is not before this court. The condemnation is made substantially upon condition that said Lunstrum shall pay the defendant, Peterson, the damages and one-half the costs (into court), and, upon such payment or tender, the decree can be enforced. Judgment affirmed.

Sullivan, C. J., and Huston, J., concur.

---

(October 18, 1892.)

