## Mary E. Truax v. William H. Gregory.

1. Freehold—*When Involved in a Decree.*—A life estate is a freehold, and the question whether a defendant, in a proceeding in chancery to establish and define a right of way over his lands, has a life estate in the same, subject to the right of way, or has no interest whatever therein, involves the determination of the existence of a freehold, and this court has no jurisdiction to decide the question.

Bill to Establish and Define a Right of Way.—Appeal from the Circuit Court of McHenry County; the Hon. Charles H. Donnelly,

Judge, presiding. Heard in this court at the October term, 1901. Dismissed. Opinion filed November 15, 1901.

V. S. LUMLEY, attorney for appellant.

D. T. SMILEY, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Mary E. Truax filed a bill in equity against her brother, William H. Gregory, in which she alleged she owned a life interest in certain real estate under the will of their father, Stephen O. Gregory; that her said brother owned certain adjoining lands under the same will; that said will also gave a sister, Cordelia Stevens, certain other adjoining lands, which she afterward conveyed to William; that said will gave William and Cordelia each a right of way to their lands over the premises devised for life to Mrs. Truax; that deceased had for many years maintained a private road from the public highway back a part of the distance across the Truax lands toward said other lands, with fences on each side of said private road and gates at the ends, and said devise of a way referred in part to said fenced and traveled lane; that the rest of the way across said Truax lands, deceased had no well defined path but drove across them in many different places during his life; that William claims and exercises the right to drive teams and stock across them wherever he sees fit, whereas he is only entitled to drive across them by the most direct route; that said gates are necessary to good husbandry and to complainant's use of her lands as farm lands; that William has repeatedly broken down and removed the gates at the ends of the lane and threatens to continue to do so, and that thereby live stock has strayed into the highway and into complainant's adjacent fields. She prayed a temporary and a perpetual injunction restraining William from destroying said gates or leaving them open; and that the court would by decree fix and determine said right of way beyond said lane. Defendant answered. There was a decree which established a right of way by metes and bounds, following the fenced

lane as far as it went, and gave defendant the right of way unobstructed by gates.  This is an appeal by complainant from said decree.  Defendant has moved to dismiss the appeal on the ground that a freehold is involved.  The motion was taken with the case.

Defendant argues that by the true construction of the several devises in the will of Stephen O. Gregory, William and Cordelia were given absolutely a certain way, and that no interest in the land within the boundaries of said way was given to Mrs. Truax, but that the land in said way was excepted from the grant to her.  Relying upon that construction of the will defendant contends it does not concern Mrs. Truax how he uses this way, and that she can not be heard to complain of the decree in that respect for want of any title to the subject-matter.  The pleadings permit him to make this contention.  He did not by his answer expressly assert title in fee in himself to the land in said way, except so far as he set up the provisions of the will in his and Cordelia's favor, but he denied the title and interest of Mrs. Truax by this allegation in his answer:  " He denies that said complainant is in possession of, or occupies, or has any life estate in the premises described in said bill of complaint."  Whether by " premises described in said bill of complaint" he meant all the lands claimed by Mrs. Truax, or only the way in controversy, may be uncertain, but the whole includes all its parts, and said allegation includes a denial that Mrs. Truax is in possession of, or occupies, or has any life estate in the land within the limits of said lane or driveway.  He also alleged in his answer that there had always been a well defined lane or driveway across all said lands.  The decree did not construe the will, but used the language of the will in describing the interests of the parties, so that if defendant's construction of the will is correct that Mr. Truax has no interest in the lane, the decree means the same thing.

All Mrs. Truax asks in argument is a reversal of that part of the decree which permits William the use of the lane without a gate at its east end.  In order to determine that

question we must decide whether the will gave her a life estate in the lane itself, subject to the use of it for a way by William and Cordelia, or whether Mrs. Truax took no interest therein under the will. If we decide that contention in her favor, then we must further determine whether she has a right to a gate across the way. But if we decide the will gave her no interest in the land within the way, then we must hold she has no right to question that part of the decree which relates to the gate as it was upon land in which she had no interest. It may well be that in order for William to contend here that the decree should have specifically fixed the fee title to the lane in him he should have assigned cross-errors, but no cross-errors are necessary to permit him to contend that complainant had no title to the land where the gate was and therefore can not be heard to question the decree concerning the gate. But a life estate is a freehold, and the question whether Mrs. Truax has a life estate in the lane, subject to the way, or has no interest whatever in the lane, involves the determination of the existence of a freehold. This court has no jurisdiction to decide that question. The appeal will therefore be dismissed, with leave to appellant to withdraw her record, abstracts and briefs, if she desires.