(January 2, 1907.)

## LATAH COUNTY, Appellant, v. MARTIN HASFURTHER and JOSEPH HASFURTHER, Respondents.

[88 Pac. 433.]

PRIVATE OR BY-ROADS—NUMBER OF SIGNATURES TO PETITION—APPEAL FROM ORDER OF BOARD OF COMMISSIONERS—APPEAL FROM THE DISTRICT TO THE SUPREME COURT—VIEWERS MUST TAKE STATUTORY OATH.

1. Private or by roads may be opened for the convenience of one or more residents of any road district in the same manner as public roads, the person or persons for whose benefit the road is opened paying the damage awarded to land owners and keeping the road in repair. (Rev. Stats. 1887, sec. 933.)

2. One signature is sufficient to authorize the board of county commissioners to take the necessary steps to open a private or by-road under the provisions of section 933 of the Revised Statutes of 1887.

3. If the land owners are dissatisfied with the award for damages or with any of the proceedings of the board of county commissioners with reference to laying out and establishing a private or by-road, they may appeal to the district court, where the case will be heard *de novo,* or they may refuse to accept the award, and thus compel condemnation proceedings.

4. An appeal from the district court to the supreme court in cases of this character is under the provisions of section 4, page 273, Session Laws of 1899, under the title of ''An act regulating appeals from the district court to the supreme court,'' etc.

5. Section 923 of the Revised Statutes of 1887, requiring the board of county commissioners to appoint three viewers, one of whom shall be a surveyor, does not make it the duty of the board to appoint the county surveyor, and when he is appointed one of the viewers, it is as essential that he take the statutory oath as either of the other viewers.

6. Where it is disclosed by the record that all of the viewers did not take the statutory oath, the proceeding is irregular and voidable, and should be reversed on appeal to the district court.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Latah County.   Hon. Edgar C. Steele, Judge.

Respondents moved to reverse or modify order of the board of county commissioners. The motion was sustained and the order reversed, from which order and judgment the county appeals. *Judgment affirmed.*

W. E. Stillinger and Forney & Moore, for Appellant.

This court has held that a private road may be laid out upon the application of a particular individual; that only one signer is necessary to the road petition. (*Latah County v. Peterson,* 3 Idaho, 398, 29 Pac. 1089; *Sherman v. Buick,* 32 Cal. 241, 91 Am. Dec. 577.)

An appeal would not lie on behalf of Martin Hasfurther from the action of the board of county commissioners awarding damages to the said Hasfurther, and the district court did not have jurisdiction to render its decision herein. (*Canyon County v. Toole,* 9 Idaho, 561, 75 Pac. 609.)

The Hasfurthers having appeared in person and with counsel before the board of county commissioners and contested the laying out of said road, introducing witnesses, thereby waived all objections to the jurisdiction of said board, and waived all irregularities which appeared in laying out and establishing said road prior to the date of said hearing.

If these parties were dissatisfied with the award of damages made by the board of county commissioners, the only course left to pursue was to wait until the amount awarded by the said board was tendered and reject the same, thereby compelling the county commissioners to commence condemnation proceedings as required by statute.

S. S. Denning, for Respondents.

It was the intention of the legislature that the matter on appeal from the board should be tried *de novo* in the district court, and this court has inferentially at least given countenance to the theory. (*Great Northern Ry. Co. v. Kootenai Co.,* 10 Idaho, 379, 28 Pac. 1078; *Canyon Co. v. Toole,* 9 Idaho, 561, 75 Pac. 609.)

When the county surveyor is appointed one of the viewers under section 923, Revised Statutes, he is not appointed as a county officer, but simply as a citizen, the same as the other viewers, only that he possesses the technical education of a surveyor, and the viewing of roads is not one of the duties of a county surveyor, made so by virtue of his office, because there is nothing to compel him to serve as a viewer, and the statute provides (section 924) : "They, the viewers, must be sworn to discharge their duties faithfully." The surveyor, while acting as a viewer, ought himself to have been sworn. The right to appropriate private property to public use lies dormant in the state until legislative action is had, pointing out the occasions, the modes, the conditions and agencies for its appropriation. These provisions must be regarded as in the nature of conditions precedent, which are not only to be observed and complied with before the right of the property owner is disturbed, but the party claiming authority under the adverse proceedings must show affirmatively such compliance. (Cooley's Constitutional Limitations, 6th ed., p. 648.)

As the statute stood in California, they changed it by apt legislation, so that one petitioner could petition for the road, but the state of Idaho in adopting their code refused to do so.

This court has no jurisdiction of this matter, because the same was not appealed within five days after the decision of the court. (Sess. Laws 1899, p. 249, amending sec. 1779.)

STOCKSLAGER, C. J.—This is an appeal from the judgment of the district court of Latah county. In October, 1905, Joseph Kambitch presented to the board of county commissioners of Latah county his petition for a private road. The petition was signed by himself alone. The petition says: "The necessity for and advantage of the establishing of said road are as follows: That your petitioner, Joseph Kambitch, owns two hundred and forty acres in section 2 in said township, and resides there, with his family, long prior hereto;

that he has now no public road for ingress and egress or public road facilities whatever, and that the opening of the proposed private road will enable him to reach a public highway in the most convenient manner, and in a manner best calculated to do the least damage to the owners of the land over which the proposed road will run in the event of the petition being granted; that the residents of said road district are either relations or friends of the parties over whose premises said proposed road will run, and your petitioner cannot get ten signers in said road district if that number is required by the county commissioners; that the petitioner further desires to have an outlet to a public road, so that he can attend elections, perform jury duty, road duty, militia duty, give evidence in court, and carry produce of his land to market."

A bond was filed and viewers appointed, who reported to the county commissioners, recommending that the road be granted as prayed for. A hearing was had and an order made by the county commissioners approving the report of the viewers and awarding damages. The order is as follows: "In the matter of the petition of Joseph Kambitch for a private road in road district No. 4, it is ordered that viewers' report therein be approved and damages are hereby awarded as follows: To J. N. Hasfurther, the sum of $250.00. To Martin Hasfurther, the sum of $300.00." The Hasfurthers appealed from the order of the commissioners granting the said Joseph Kambitch the road through their respective premises as prayed for in his petition and awarding them the sum set out in the order. The appeal is from the order and the whole thereof.

In the district court the prosecuting attorney for Latah county moved to dismiss the appeal: "1. That an appeal will not lie at this time, as the order of the board of county commissioners does not in any manner affect the property or the rights of either Martin Hasfurther or J. N. Hasfurther. in that the said order appealed from does not create or establish a public highway; 2. That the said order appealed from

by said appellants is an order awarding damages to said appellants, and that the said above-entitled court has not jurisdiction to hear and determine on an appeal from the board of county commissioners the amount of damages to be awarded to nonconsenting land owners in the establishment of public highways; 3. That the said appellants, and each of them, as shown by the said order of the board of county commissioners appealed from, did appear at the time and place fixed by the said board for the hearing of said petition, and contest the laying out of said road, and the amount of damages to be awarded, and thereby waived any and all objections to the jurisdiction of the said board in said case, and any and all irregularities which may have appeared in the laying out and establishment of said road prior to the date of the said hearing; 4. That no order of the said board has been appealed from by the said appellants which in any manner questions the regularity of the proceedings had in said road case or the jurisdiction of the board of county commissioners.'' It is not shown by the record what disposition was made of this motion, but from orders and proceedings of the court we infer it was overruled.   We next find a motion to reverse and set aside the order of the commissioners which affirms the report of the viewers granting said road for the reasons: ''1. That no map of the said road has ever been added to the report of, made or presented to, or filed with or by the board of county commissioners; 2. That the petition upon its face shows that there is only one petitioner signing the petition; 3. That the records in the case show that one of the viewers was never sworn.''   On the twentieth day of June, 1906, the court ordered judgment reversing the order of the commissioners in affirming the report of the viewers and granting the road.

Counsel for appellant assign six errors: First, the order of the court in reversing and annulling the action of the board of county commissioners; second, in holding that more than one signature is necessary for a petition for a private road; third, in holding that the order appealed from granted or

established a public highway; fourth, that the order appealed from was an order awarding damages to said Martin Hasfurther and J. N. Hasfurther, and that no appeal will lie from the action of the board of county commissioners awarding damages, and the court erred in taking jurisdiction of the same; fifth, the said Martin Hasfurther and J. N. Hasfurther appeared before the board of county commissioners, and contested the merits of said road and the amount of damages to be awarded, and thereby waived all objections to the jurisdiction of the said board on account of the irregularities which may have appeared in the laying out and establishment of said road prior to the date of said hearing, and the district court erred in reversing the order of the board of county commissioners; sixth, that no order of the board of county commissioners was appealed from by the said Martin Hasfurther and J. N. Hasfurther, which in any manner questioned the regularity of the proceedings had in said road case or the jurisdiction of the board of county commissioners.

Some questions raised in this appeal are new in this state, hence we have felt justified in giving a complete history of each step taken from the time the petition was filed down to the final order of the district court. The petition was not filed under the provisions of section 920 of the Revised Statutes, which provide that any ten inhabitants of a road district, taxable therein, may petition for the alteration or to discontinue any road or to lay out a new road. It would seem that the petition must have been filed under the provisions of section 933 of the Revised Statutes of 1887, which provide: "Private or by-roads may be opened for the convenience of one or more residents of any road district in the same manner as public roads are opened, whenever the board of commissioners may for like cause order the same to be viewed and opened, the person for whose benefit the same is required paying the damage awarded to land owners, and keeping the same in repair." It should not be difficult for a court to construe the above sections as we view them. By the terms of

section 920, ten inhabitants of a road district taxable therein for road purposes may, by petition and a proper showing, have any road altered or discontinued, or they may in like manner have a new road laid out. By section 933 any resident of a road district may have a private road established for his own use and benefit, but it does not become a public highway in the sense that it must be kept in repair at the expense of the public; anyone may use it, but it must be kept in repair at the expense of the resident or residents for whose use it has been established; that damages awarded to land owners must also be paid by the party or parties for whose benefit the road has been established. The reason as well as the necessity for the two sections above quoted is apparent. If ten or more inhabitants of any community think it necessary to establish a new highway and so say by petition to the board of county commissioners, it is the duty of the county commissioners to take the necessary steps to establish the road, provided there are at least ten petitioners residents of the road district and *taxable therein for road purposes*. This section is evidently based on the theory that if there are ten residents of the road district who are taxable for road purposes, their annual labor or road tax will be sufficient to keep the road in repair. It was never the intention of the legislature that any citizen of the state should be deprived of the use of a highway, and hence section 933, *supra,* was enacted providing that he might "have an outlet to a public road so that he can attend elections, perform jury duty, road duty, militia duty, give court evidence, and carry produce of his land to market," provided he is willing to pay all damages to land owners through whose land the road runs, and keeps it in repair. This is a right guaranteed him by the constitution of our state also. (See art. 1, sec. 14.) The writer has had a recent experience that convinced him that it would have been better if there had been whole communities in certain portions of our state fenced in; at any rate, it was made plain that the residents of that section were not prohibited from exercising one of the privi-

leges urged as a reason for petitioner's road—that is, the right to attend elections. From the foregoing suggestions (with the exception of the last one) it will be seen that we are of the opinion that private roads may be established in this state on the petition of the one party who is the beneficiary of such road. Construing article 1, section 14 of our constitution, in *Latah County v. Peterson*, 3 Idaho, 402, 29 Pac. 1089, Mr. Justice Morgan said: "The necessity for such private roads is apparent where it is stated that it would be impossible to improve many valuable tracts of land in this state which are not reached by public highways unless this power existed. Such roads are, therefore, necessary to the complete development of the material resources of the state." We are in accord with the contention of counsel for appellant, that the names of ten signers to the petition who are resident taxpayers for road purposes in the road district where it is sought to establish a road under the provisions of section 933 of the Revised Statutes, are not necessary. If such were the requirements of our statute, it would in many instances destroy the very purpose for which section 933 was enacted. It was to meet just such emergencies as has arisen in the case at bar. (See *Sherman v. Buick & Cornick*, 32 Cal. 242, 91 Am. Dec. 577.)

We next come to what we consider the most important question to be considered in this appeal. Counsel for appellant say: "It is further submitted that the said Martin Hasfurther and Joseph Hasfurther having appeared in person and with counsel before the board of county commissioners and contested the laying out of said road, introducing witnesses, thereby waiving any and all objections to the jurisdiction of said board, and waived any and all irregularities which appeared in laying out and establishing said road prior to the date of said hearing. It is further submitted that at no time during any of the proceedings in said road case was any objection made to the board of county commissioners by Martin Hasfurther, Joseph Hasfurther or their attorney, Stewart S. Denning, as to any irregularity

in any of the proceedings had in said road case, but, on the contrary, Martin Hasfurther and Joseph Hasfurther each appeared in person and by attorney, Stewart S. Denning, before the board of county commissioners on the date set for the hearing of said road case and contested only the amount of damages awarded by the viewers.'' It is urged by counsel for appellant that the only course left for respondents was to wait until the amount awarded by the said board was tendered and reject the same, thereby compelling the county commissioners to commence condemnation proceedings as required by statute. Further they say: ''That in fairness to the board of county commissioners and in justice to the taxpayers of the county, a question of irregularity should not be raised for the first time on appeal.''

Counsel for respondents insists that they had a right to appeal from the order of the board granting the road through their premises and the award for damages, and that when the case came to a hearing in the district court, they were entitled to a trial *de novo*. In support of this contention he cites Session Laws of 1899, pages 248, 249. The language of the law referred to is as follows: ''Upon the appeal, the matter must be heard anew, and the act, order or proceeding so appealed from may be affirmed, reversed or modified.'' We are disposed to accept his theory as correct. The Hasfurthers had either of the remedies they saw fit to pursue— that is, by appeal from the order of the county commissioners or refuse to accept the award and thus compel condemnation proceedings by the county. They chose the former remedy, hence must accept the law with reference to appeals. Counsel for respondents also urges that the appeal to this court should be dismissed for the reason that it was not taken within five days after the decision of the trial court, and cites Session Laws of 1899, page 249. At a later date of the same session (1899), at page 273, the title of the act is ''Regulating Appeals from the District Court to the Supreme Court.'' Section 4 of the act provides as follows: ''From a judgment rendered as an appeal from an order, de-

cision or action of the board of county commissioners within ninety days after the entry of judgment.'' This court recently construed the two sections above referred to in *Foresman v. Board of County Commissioners of Nez Perce County,* 11 Idaho, 11, 80 Pac. 1131, in which it was held that an appeal of the character under consideration was governed by the latter section of the 1899 Session Laws; hence there were ninety days instead of five days in which to perfect the appeal.

We are in accord with counsel for respondents in his contention that when the case was appealed to the district court from the order of the board of county commissioners appointing viewers and fixing the award for damages to each of the appellants there, respondents here, that the case was there for review of all the acts, orders and proceedings had in that tribunal. *In Canyon Co. v. Toole,* 9 Idaho, 561, 75 Pac. 609, we think this question is settled; also *Great Northern Ry. Co. v. Kootenai County,* 10 Idaho, 379, 78 Pac. 1078. It is shown by the record in this case that J. W. Kirkwood was the county surveyor of Latah county, and that A. S. Lyon, R. S. Mathews and J. W. Kirkwood were by the board of commissioners appointed the viewers to view and survey the road; that after such appointment R. S. Mathews and A. S. Lyon took the road viewers' oath, which was administered to them by J. W. Kirkwood as county surveyor. It nowhere appears in the record that Mr. Kirkwood ever took the road viewers' oath prescribed by the statute before entering upon the discharge of his duties. Section 923 of the Revised Statutes of 1887 provides: ''Upon filing such petition and bond the board of county commissioners must appoint three viewers, one of whom must be a surveyor, to view and survey any proposed alterations of an old or opening of a new road, to be made in accordance with the description in the petition, and submit to the board an estimate of the cost of the change, alteration or opening including the purchase of the right of way and their views of the necessity thereof.'' Section 924 provides: ''The road viewers must be disinterested citizens of the

county, but not petitioners; they must be sworn to discharge their duties faithfully; . . . ." It will be seen by section 923 that one of the viewers must be a surveyor, but not necessarily the county surveyor, neither does the statute prescribing the duties of the county surveyor make it his duty to survey private roads. Section 924 requires that the viewers shall be sworn to "discharge their duties faithfully," and the failure of one of the viewers to take the oath prescribed is not a compliance with the statute. If the statute required that the county surveyor should be one of the viewers in all cases of laying out, altering and establishing roads in his county, it is possible that his official oath would be sufficient, but in our view it was as essential for him to take the oath as it was for either of the others, and his failure to do so nullifies the entire proceedings of the county commissioners. The judgment is affirmed, with costs to the respondents.

Ailshie, J., concurs.

Sullivan, J., concurs in the conclusion.