## Town of Kingston, Appellant, v. A. G. Anderson, Appellee.

## Gen. No. 6,872.

1. ESTATES, § 4*—*what constitutes a freehold.* An estate in land of uncertain duration, not a fee, which may last a lifetime, is a life estate and a freehold.

2. APPEAL AND ERROR, § 126*—*when controversy involves freehold.* The Appellate Court has no jurisdiction over the establishment of a private road for a purpose which may take a lifetime, or which may be permanent, since it involves a freehold.

3. APPEAL AND ERROR, § 198*—*when Appellate Court has not jurisdiction of constitutional question.* Where, on an appeal to a county court in a proceeding to lay out a road, the petition for which asks that a "private road be laid out," the county court refuses to allow an amendment of the petition so as to make it for a road for "private and public use" and dismisses the proceeding on the ground that the petition cannot be construed as being for a road for "private and public use," and that if it could be so read, the proceeding would not be authorized under the constitution, a constitutional question is involved of which the Appellate Court has no jurisdiction on an appeal from such judgment of dismissal.

4. APPEAL AND ERROR, § 1718*—*effect of appeal to Appellate Court on constitutional question.* An appellant who appeals to the Appellate Court deprives himself of the right to raise any constitutional questions, but he cannot thereby avoid such questions raised by the other party.

5. APPEAL AND ERROR, § 1107*—*when appeal transferred by Appellate Court.* Where an appeal involves a constitutional question, it will not be dismissed, but will be transferred to the Supreme Court under Practice Act, sec. 102 (J. & A. ¶ 8639).

Appeal from the County Court of De Kalb county; the Hon. WILLIAM L. POND, Judge, presiding. Heard in this court at the October term, 1920. Transferred to Supreme Court. Opinion filed April 13, 1921.

W. L. PIERCE, for appellant.

T. M. CLIFFE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On December 30, 1919, Clare B. Wilson, owner of land in the Town of Kingston, De Kalb county, petitioned the highway commissioner of said town that he cause to be laid out "a private road" 2 rods wide and 80 rods long on the south side of land owned by A. G. Anderson in said town. The highway commissioner decided to grant said petition; caused a survey to be made; endeavored to agree with Anderson as to the damages and failed; and then applied to a justice of the peace of said town to summon the owner and a jury and have the damages ascertained. Anderson was brought into court, and a jury heard the case and assessed the damages, and the justice entered a judgment for Anderson and against Wilson for the amount of the verdict. Anderson perfected an appeal to the county court of De Kalb county. All parties appeared there. A motion was made to dismiss Anderson's appeal, and another motion to dismiss the proceeding, and another motion to allow the original petition by Wilson to the highway commissioner to be so amended as to pray for "a road for public and private use." These motions were heard together upon proofs presented, and the proofs and rulings were preserved by a bill of exceptions. The motion to dismiss the appeal was denied, and also the motion for leave to amend the original petition. The motion to dismiss the proceeding was granted. There is confusion in the record as to the proper title of the cause in the county court and in this court. Wilson prayed and obtained an appeal to this court, and the appeal bond ran to Anderson as the obligee. Anderson has moved to dismiss the appeal to this court on the ground that a freehold is involved.

This appears to be, in reality, a condemnation proceeding. The purpose for which Wilson desired to obtain a private road across the land of Anderson is

alleged in the petition to be for the purpose of hauling gravel from the land of Wilson to a public highway in order to enable Wilson to furnish gravel for public highway purposes in "said district." It is not alleged or shown how large this gravel bed is, nor whether Wilson has any contracts for the delivery thereof to any one, nor how long it will take to remove the gravel bed. For all that appears it may take a lifetime. An estate in land of uncertain duration, not a fee, which may last a lifetime, is a life estate and 'a freehold. 2 Blackstone's Com. 121; 4 Kent's Com. 25; 16 Cyc. 614; 21 Corpus Juris 938; 10 R. C. L. 662; 1 Washburn on Real Property, 101; Kales' Estates and Future Interests, sec. 302; *Disley v. Disley,* 30 R. I. 366, 75 Atl. 481. This principle is briefly recognized in *Daughetee v. Ohio Oil Co.,* 263 Ill. 518, on p. 524, where it is said: "Under the terms of this lease the interest conveyed is a freehold estate, for the reason that it may continue indefinitely." In *Chaplin v. Highway Com'rs,* 126 Ill. 264, a proceeding to obtain the right to open a drain across land of complainant to draw off water from a highway was held to involve a perpetual easement and a freehold. *Village of Crete v. Hewes,* 168 Ill. 330; *Taylor v. Pierce,* 174 Ill. 9; *Truax v. Gregory,* 98 Ill. App. 395. If the proposed private road will be a permanent easement, then the more certain is it that a freehold is involved. Of such a controversy the Appellate Courts have no jurisdiction.

As we understand the record, there is also a constitutional question involved. There was formerly a statute in force in this State which permitted condemnation for a private road. That statute was held unconstitutional in *Nesbitt v. Trumbo,* 39 Ill. 110, and in *Crear v. Crossly,* 40 Ill. 175. By section 52 of the Roads & Bridges Act of 1877, and by like sections in later acts down to section 98 of the Act of 1919 [Callaghan's 1920 Stat. ¶ 10000(98)], pro-

vision is made for laying out roads for "private and public use." Apparently the county court refused to permit the amendment of the original petition to the commissioner of highways, so as to make it a petition for a road for private and public use, on the ground that said petition was not before it except as a matter of evidence; and apparently the county court, in dismissing the proceeding, held that the original petition could not be treated as an application to lay out a road for "public and private use," and, if it could be so construed, it would be unconstitutional. Therefore a constitutional question was decided in the dismissing of this proceeding in the county court. By appealing to this court Wilson deprived himself of the right to raise any constitutional question, but he could not thereby avoid constitutional questions raised by Anderson.

The effect of this is not to require the dismissal of the appeal, but the case should be transferred to the Supreme Court, under section 102 of the Practice Act of 1907 (J. & A. ¶ 8639). The clerk of this court will therefore transmit the record and files to the Supreme Court.

*Transferred to the Supreme Court.*