(March 1, 1904.)

## DAVIS v. ELMORE COUNTY.

[75 Pac. 910.]

APPEAL FROM AN ORDER OF THE BOARD OF COUNTY COMMISSIONERS—
MOTION TO DISMISS APPEAL—UNDERTAKING ON APPEAL—REQUIRED
WHEN.

1. An appellant, from an order of a board of county commission-
ers, must file an undertaking on appeal as required by statute when
the appeal is not taken for the purpose of protecting the interests
of the county and people. If he does not do so his appeal is in-
effectual for any purpose and will be dismissed on motion.

(Syllabus by the court.)

APPEAL from the District Court of Elmore County. Hon-
orable Lyttleton Price, Judge.

Appeal from an order of the board of county commissioners
refusing to allow personal claims of appellant. Judgment for
county. Affirmed.

E. M. Wolfe, for Appellant, cites no authorities on the only
point decided by the court.

W. C. Howie, for Respondent, cites no authorities in his
brief upon the point decided.

SULLIVAN, C. J.—This is an appeal from the judgment
of the district court of Elmore county on an appeal from an
order of the board of county commissioners disallowing appel-
lant's claims for services as road contractor for road district
No. 4 of said county for the quarters ending April 1 and July 1,
1903. A motion is made by counsel for respondent to dismiss
the appeal on three several grounds, the second of which is that
no undertaking on appeal was filed as required by the statute
in such cases. It is contended by counsel for appellant that
under the provisions of section 1777, and acts amendatory
thereof of the Revised Statutes, no undertaking is required to
be given by the appellant in this case. That part of said sec-
tion referring to the point in controversy is as follows: "When

the appeal is made for the purpose of protecting the interests of the county and of the people, no requirement shall be made of the appellant for security of costs, except that when the district judge shall be of the opinion that such appeal is not made in good faith," etc.

It is contended that this court construed said provision in the case of *Ravenscraft v. Board of County Commrs.*, 5 Idaho, 178, 47 Pac. 942, in accordance with the view above expressed by counsel for appellant. *That was an appeal by a taxpayer* to protect the interests of the people, and comes clearly within the provisions of said sections above quoted, while the case at bar is an appeal, by a private person to protect his own interests, from an order disallowing his personal claims. This appeal was not taken "for the purpose of protecting the interests of the county and of the people," but was for the purpose of protecting appellant's individual rights. The provisions of said section are too plain to require construction, and do not exempt the appellant from filing an undertaking for costs on appeal. He having failed to file such undertaking, the motion to dismiss must be granted, and it is so ordered. Costs of the appeal are awarded to the respondent.

Stockslager and Ailshie, JJ., concur.