(December 15, 1904.)

## GREAT NORTHERN RAILWAY COMPANY v. KOOTE-NAI COUNTY.

[78 Pac. 1078.]

APPEALS FROM ORDERS OF COUNTY COMMISSIONERS—FILING UNDERTAK-ING ON SUCH APPEALS—NOT JURISDICTIONAL.

1. An appeal from an order of a board of county commissioners is perfected by serving upon the clerk of the board a notice of appeal as required by section 1777, Revised Statutes of 1887, as amended by act of February 14, 1899 (Sess. Laws 1899, p. 248), and the giving and filing an undertaking is not jurisdictional, and the appeal should not be dismissed for a failure to give an undertaking in the absence of an order of the district judge requiring such undertaking.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.   Honorable R. T. Morgan, Judge.

The Great Northern Railway Company appealed from an order of the board of county commissioners of Kootenai county, and its appeal was dismissed by the district court, from which judgment and order an appeal was taken to this court.   Reversed.

STATEMENT OF FACTS.

On the 15th of September, 1903, the board of commissioners of Kootenai county, at a regular meeting thereof, levied a general road tax upon all the property taxable in their county for the year 1903, and at the same time made a levy for general bridge purposes, and also for general school purposes.   The appellant, the Great Northern Railway Company, was at the time the owner of taxable property within said county, and was affected by the tax levy so made.   Thereafter, and on the second day of October, 1903, the appellant served its notice of appeal upon the clerk of the board of county commissioners, and later also served a copy of the notice upon the chairman of the board of county commissioners.   On the fourteenth day of October, 1903, the appellant filed with the clerk of the board a bond or

undertaking on appeal in the sum of $300, and on the same day filed in the district court of Kootenai county what was designated a complaint on appeal, setting forth its grounds of complaint against the action of the board of commissioners from which it had appealed, and served the same upon the prosecuting attorney of the county. On the twentieth day of October, the district court being in session, the cause was reached on the calendar and duly called by the presiding judge, and thereupon the prosecuting attorney for the county asked for time in which to answer the complaint then on file. Nothing further was done with the case in court until the twentieth day of February, 1904, but in the meanwhile the attorneys for the appellant and respondent carried on considerable correspondence relative to the preparation of a statement of facts to be submitted to the trial court, upon which the law of the case should be determined by the court. On February 20, 1904, the county, through its attorneys, filed a motion to dismiss the appeal. This motion was based on six separate grounds, but upon the argument in this court counsel for respondent abandoned the contention set out in paragraphs 1, 4 and 5 of the motion, and relied upon paragraphs 2, 3 and 6. Those paragraphs are as follows:

"2. That said attempted appeal was not perfected within the time required by statute in such case made and provided, by the filing of a good and sufficient undertaking on appeal, in this: that the notice of appeal herein was served on the second day of October, 1903, and the undertaking on appeal herein was not filed until the fourteenth day of October, 1903.

"3. That the undertaking or bond on appeal filed herein was defective, insufficient and void, and not such an undertaking or bond as is required by the laws of the state of Idaho, to wit, section 1776 of the Revised Statutes of 1887 of the state of Idaho, as amended by the act of the legislature of said state approved on the fourteenth day of February, 1899, and found at page 248 of the General Laws of the state of Idaho passed at the fifth session of the legislature of the state, A. D. 1899, and the act of February 23, 1899, regulating the surety companies, and found at pages 337-340 of the General Laws of

the state of Idaho, approved February 23, A. D. 1899, and that said undertaking does not show, and was not accompanied with any evidence, documentary or otherwise, showing, *prima facie,* that the surety company mentioned in said undertaking had qualified to do business in the state of Idaho, by complying with the said act of February 23, 1899, or that the execution of said undertaking had been authorized by said surety company, or executed by the agents or officers authorized to execute the same, or executed according to the laws of the state of Idaho, or that the said surety company is authorized to do business in the state of Idaho by becoming surety on any bond or undertaking."

"6. That no bond or undertaking on an appeal has ever been filed herein which was approved by the clerk of the board of county commissioners or by the probate judge for the county of Kootenai, state of Idaho, as required by the statute in such case made and provided."

Before the hearing of respondent's motion to dismiss, the appellant filed a motion, supported by affidavits, asking leave, among other things, to make and file such bond or undertaking on appeal as the court by order might direct or permit it to file. After a hearing upon the motion to dismiss, and the counter motion made by appellant, and on the ninth day of April, 1904, the district judge made and entered his order sustaining respondent's motion and dismissing the appeal, and thereupon entered judgment of dismissal against the appellant, and for costs in favor of the respondent. From the judgment and order so made and entered, the railway company has appealed to this court.

M. J. Gordon and Charles A. Murray, for Appellant.

Section 1777, as it appears in the Laws of 1899 (in said section as amended), is as follows: "Such appeal may be taken to the district court, or the judge thereof, of the judicial district of which the county is a part, by serving upon the clerk of the board a notice of appeal so referring to the act, order or proceeding appealed from as to identify it; that upon notice in writing of such appeal being brought by any person to the

attention of such judge, he shall fix the earliest time and place, convenient to himself, for the hearing of such appeal, which may be heard in a summary manner before him, or his court, and when in his opinion no serious injury will result from delay, the hearing shall be had during the next term of his court in the county from which the appeal comes. When the appeal is made for the purpose of protecting the interests of the county and of the people, no requirement shall be made of the appellant for security of costs, except that when the district judge shall be of opinion that such appeal is not made in good faith, but is for delay and vexation, he may require the appellant to enter into an undertaking with good sureties in an amount sufficient to secure the payment of costs, and in all other cases like undertaking shall be required." And hence the only provision now with reference to an undertaking is that an "undertaking shall be required" without specifying when or how. It is expressly provided, however, that the district judge is the one to make the requirement when it is to be made. Therefore, we say that the giving of an undertaking is not jurisdictional. It is a matter to be regulated by the court after the appeal has been taken by complying with the other provisions of the section, and that where, as in this case, an undertaking is tendered by filing one with the clerk of the court, such undertaking is sufficient unless upon objection being taken thereto a different one is required by the judge, and especially, as in this case, when it is given in the manner and amount required by the code. (Rev. Stats., sec. 4915.)

T. H. Wilson and Charles L. Heitman, for Respondent.

It is contended by appellant that no undertaking is required to be given on such appeal unless expressly required by the district judge. This argument is not applicable to the case at bar, but would be applicable to an appeal taken for the purpose of protecting the interests of the county and of the people. The appeal in the case at bar was taken by appellant as a private corporation, and the appeal was not taken for the purpose of protecting public interests. In the case of *Davis v. Elmore Co.,* 9 Idaho, 764, 75 Pac. 910, this court held as follows: "An appel-

lant, from an order of a board of county commissioners, must file an undertaking on appeal as required by statute, when the appeal is not taken for the purpose of protecting the interests of the county and people. If he does not do so, his appeal is ineffectual for any purpose and will be dismissed on motion." The same contention was made by appellant in that case that is made by appellant in this case relative to the filing of an undertaking on appeal; that is, under the provisions of section 1777, an act amendatory thereof, of the Revised Statutes of 1887, no undertaking was required to be given. In the case of *Salt Lake Brewing Co. v. Gillman,* 2 Idaho, 195, 10 Pac. 32, which was an appeal from a justice of the peace, this court held that to effectuate such appeal, three things were required, to wit: 1. The filing of notice of appeal; 2. The service of a copy of the notice of appeal; 3. The filing of an undertaking. And all these things were required to be done within thirty days after the rendition of the judgment, the court holding that these three things must be done within thirty days, and that they were jurisdictional prerequisites.

AILSHIE, J. (After Making the Foregoing Statement of Facts.)—We have examined the statute and authorities on this question very carefully, and have concluded that this case rests entirely upon the question of what acts constitute an appeal from an order of the board of county commissioners. Section 1777 of the Revised Statutes of 1887, as amended by the act of February 14, 1899 (Sess. Laws 1899, p. 248), provides the manner of taking appeals from orders made by boards of commissioners. It says: "Such appeal may be taken to the district court, or the judge thereof, of the judicial district of which the county is a part by serving upon the clerk of the board a notice of appeal so referring to the act, order or proceeding appealed from as to identify it. . . . . When the appeal is made for the purpose of protecting the interests of the county and of the people, no requirement shall be made of the appellant for security of costs, except that when the district judge shall be of opinion that such appeal is not made in good faith, but is for delay and vexation, he may require the appellant to

enter into an undertaking with good sureties in an amount sufficient to secure the payment of costs, and in all other cases like undertaking shall be required." It is argued by counsel for the appellant that, under the provisions of the foregoing section, an appeal from the board of commissioners is perfected immediately upon service of the notice of appeal on the clerk of the board. It is further contended that giving an undertaking to secure the payment of costs is not jurisdictional, and depends wholly upon the order of the judge, and that such order can only be made by him after he has acquired jurisdiction of the case through the medium of the service of the notice of appeal upon the clerk of the board. A careful analysis of the statute convinces us that this is the correct construction to be placed upon it. The statute fixes no amount in which an undertaking shall be given in any case, but, rather, leaves it to the discretion of the district judge as to the "amount sufficient to secure the payment of costs." In no case would an appellant know the amount or kind of undertaking the judge would require, and yet he is entitled to appeal within the statutory time, even though the judge were out of the county or out of the district, or even out of the state. But the appellant who had failed to comply with the order of the judge as to the giving of an undertaking after his appeal had been perfected would certainly be liable to have his appeal summarily dismissed. It is admitted in this case that the appeal was not taken to protect the "interests of the county and of the people," but was, rather, taken for the protection of the private interests and property rights of the appellant. It will be observed that section 1777 closes with the provision that, in all appeals other than those for the protection of the interests of the county and the people, "like undertakings shall be required." This clause, however, refers to what precedes it, namely, "that when the district judge shall be of opinion that such appeal is not made in good faith, but is for delay and vexation, he may require the appellant to enter into an undertaking with good sureties in an amount sufficient to secure the payment of costs."

Counsel for appellant, in support of their position, cite *Ravenscraft v. Board of Commissioners*, 5 Idaho, 178, 47 Pac.

942; and, on the other hand, counsel for respondent cite *Davis v. Elmore County*, 9 Idaho, 764, 75 Pac. 910, in support of their position.   These cases were both decided by our supreme court, and it is fair to say that each authority, on first reading, appears to support the position taken by counsel citing it.   It should be observed, however, that in neither of these cases was the question discussed as to what constitutes an appeal from an order of the board of commissioners.   In neither case was the point raised that the making and filing of an undertaking is a jurisdictional matter to be observed by the appellant in prosecuting his appeal in the first instance from the board of commissioners to the district court.   The same view here expressed is suggested in *Ravenscraft v. Board of Commissioners*. In *Davis v. Elmore County* the only question considered was the necessity of filing an undertaking on appeal to the supreme court, and anything there said that would indicate that this court considers the giving and filing an undertaking upon appeal from the commissioners to the district court as jurisdictional is merely *dicta*.   We want it understood, however, that an appellant cannot be heard to further prosecute his appeal if he fails or neglects to file such undertaking as the district judge may require in any such case.   Since we have arrived at the foregoing conclusion, it is unnecessary for us to discuss the sufficiency of the undertaking filed by the appellant in this case in the first instance.   After the motion to dismiss had been filed, and after the appellant moved the court to fix the amount of the undertaking to be required, it was the duty of the court to make his order requiring an undertaking sufficient to secure the payment of costs on the appeal, and give the appellant an opportunity to make and file such undertaking.

Having arrived at the foregoing conclusion, it becomes unnecessary for us to consider the point raised by respondent that a surety company bond is not good unless accompanied by evidence showing that the company has qualified under the statute, and is entitled to do such business in the state.

The judgment of the district court will be reversed, and the cause remanded, with directions to the trial court to reinstate the appeal as taken from the board of county commissioners,

and permit the appellant to file such undertaking for security of costs as the judge of that court shall deem sufficient for such purpose.

Sullivan, C. J., and Stockslager, J., concur.

---

(December 15, 1904.)

APPEALS FROM ORDERS OF COUNTY COMMISSIONERS—FILING UNDERTAKING ON SUCH APPEALS NOT JURISDICTIONAL.

1. An appeal from an order of a board of county commissioners is perfected by serving upon the clerk of the board a notice of appeal as required by section 1777, as amended by act of February 14, 1899 (Sess. Laws 1899, p. 248), and the giving and filing an undertaking is not jurisdictional, and the appeal should not be dismissed for a failure to give an undertaking in the absence of an order of the district judge requiring such undertaking.