(May 10, 1905.)

## FORESMAN v. BOARD OF COMMISSIONERS.
### [80 Pac. 1131.]

Appeal from Judgment of District Court Rendered on Appeal from Order of Board of Commissioners—Filing Undertaking.

1. The prosecution of an appeal from a judgment of the district court rendered on appeal from an order or decision of a board of county commissioners is governed by the general statutes on appeal, and an undertaking is essential to the validity of such appeal.

2. Id.—A failure to give an undertaking on appeal in such case is fatal and the appeal will be dismissed.

(Syllabus by the court.)

APPEAL from a judgment of the District Court of Nez Perce County, rendered on appeal from an order of the Board of Commissioners of Nez Perce County.   Honorable Edgar C. Steele, Judge.   Appeal dismissed.

Bender & Lingenfelter, for Appellant, cite no authorities upon the point decided.

B. S. Crow and Miles S. Johnson, for Respondent, file no brief.

AILSHIE, J.—When this case was called for oral argument the respondent filed and presented a motion to dismiss the appeal, on the ground that no undertaking on appeal was ever filed in the case.   The appeal was originally taken from an order of the board of county commissioners of Nez Perce county, and the matter was heard in the district court, and the order of the board of commissioners was there affirmed,

and this appeal was then taken from the judgment of the district court affirming the order of the board of commissioners. After hearing counsel for the respective parties on this motion, the same was granted, and the appeal was dismissed. Owing to the apparent confusion among some of the prior decisions of the court on this specific question, we have thought it best to file an opinion in this case and definitely define the views of the court as to the necessity for giving an undertaking on an appeal in such case. In *Great Northern Ry. Co. v. Kootenai County,* 10 Idaho, 379, 78 Pac. 1078, it was held that the giving of an undertaking on appeal from an order of the board of commissioners to the district court is not jurisdictional, and that an undertaking in such case can be demanded only after the judge of the district court has made his order requiring such undertaking and fixing the amount thereof. Upon that point there is no uncertainty in the decisions. On the question, however, as to the necessity for an undertaking upon appeal in such cases from the district court to the supreme court, there is a lack of certainty in the decisions of this court. In *Ravenscroft v. Board of Commissioners,* 5 Idaho, 178, 47 Pac. 942, it was suggested that the statute did not contemplate the giving of an undertaking on appeal from the board of commissioners to the district court, or on appeal from the district court to the supreme court, unless for reasons mentioned in the statute the court should make an order requiring such undertaking. In *Davis v. Elmore County,* 9 Idaho, 764, 75 Pac. 910, an appeal was dismissed for failure to give an undertaking, and it was there suggested that an undertaking on appeal is essential in all cases where the appeal is taken for the purpose of protecting the appellant's individual rights. In the two latter cases, it does not appear that the court's attention was ever called to two provisions of the statute which we think conclusive on this question, and the application of which would give a definite rule to be followed in the prosecution of appeals in such cases. Those acts were both passed in March, 1895. By the provisions of an act approved March 6, 1895 (Sess. Laws 1895, p. 52), sections 1776 to 1779, inclusive, Revised Statutes,

were amended to authorize appeals from orders of a board
of county commissioners, and section 1779 provided that an
appeal might be prosecuted from the decision of the district
court to the supreme court within five days after such de-
cision.   Thereafter, and on the ninth day of the same month,
an act was approved amending section 4807, Revised Stat-
utes, by adding thereto subdivision 4.   This subdivision pro-
vides that an appeal may be taken to the supreme court from
a judgment entered on an appeal from an order, decision or
action of a board of county commissioners within ninety days
after the entry of such judgment.   From these provisions it
appears that the legislature, after having provided for ap-
peals from orders of a board of commissioners to the dis-
trict court, and for appeals from judgments of the district
court, rendered in such cases, concluded that it was neces-
sary to extend the time for the prosecution of an appeal from
the district court from five days, as provided in the original
act, to ninety days; but instead of amending the original
act in that respect, they added this subdivision 4 to section
4807, Revised Statutes, and thereby subjected such appeals
to the provisions of the general statutes governing appeals
to the supreme court.   The act of March 6, 1895, was re-
enacted February 14, 1899 (Sess. Laws 1899, 248), and the
act of March 9, 1895, was re-enacted on the same date.   Un-
der the law as it now stands, appeals from orders of a board
of county commissioners to the district court are regulated
by the provisions of sections 1776 to 1779, inclusive, as
amended March 6, 1895.   While appeals from judgments of
the district court entered on appeal from an order, decision
or action of a board of county commissioners are governed
by sections 4807 to 4809, being the general statutes on ap-
peal to the supreme court.   This being true, section 4808 ap-
plies and provides that an appeal shall be "ineffectual for
any purpose, unless within five days after service of notice
of appeal, an undertaking be filed."   It is therefore consid-
ered that in cases of appeals from judgments of the district
court, which have been entered on appeal from an order, de-
cision or action of a board of county commissioners, an un-

dertaking must be given as in other cases on appeal to the supreme court. The appeal is dismissed, with costs to respondents.

Stockslager, C. J., and Sullivan, J., concur.