Hurlbut, J.,
delivered the opinion of the court.
Action to' quiet title under sec. 255, Mills ’ Annotated Code. Defendant (appellant) denied plaintiff’s (appellee’s) title and possession, and pleaded title to the disputed premises in himself by virtue of a treasurer’s tax deed. The court excluded the tax deed from evidence upon objection by plaintiff. The abstract of record contains a copy of this deed, and it is clearly void on its face. It appears therefrom that the premises in dispute were *212 sold by the treasurer for delinquent taxes on the 31st day of October, 1896, and on that date tbe county bid in the property. It further appears from the deed that the property was not offered for sale by the treasurer at any other time. In other words, it was bought in by the county on the first day upon which it was offered for sale. This renders the deed void on its face. Bryant v. Miller, 48 Colo., 192; Lambert v. Scott, 53 Colo., 357 (Oct. 7, 1912); Empire R. & C. Co. v. Howell, 22 Colo. App., 389, 584 (July 8, 1912).
It further appears from the deed that Arapahoe county, by its county clerk, assigned the certificate of sale to defendant on January 7th, 1901, more than three years after the date of sale, the date of the certificate not appearing. This also rendered the deed void on its face. The court’s ruling in rejecting the tax deed as evidence was right. Carnahan v. Sieber Cattle Co., 34 Colo., 257.
Appellant further contends that no evidence was introduced showing possession of the premises by plaintiff; that, possession being denied by defendant, the action could not be maintained unless possession was proven. Defendant in his answer alleged that the premises in dispute were vacant and unoccupied. This was denied by replication. No evidence was introduced as to the land being vacant and unoccupied, of adverse possession in de-' fendant, or of plaintiff’s possession of the same. However, defendant at the trial wholly failed to show any title whatever in and to the disputed premises. Under this situation defendant was in no condition to complain of a want of specific testimony of possession on the part of plaintiff, as the record shows plaintiff proved a good title from the government through mesne conveyances. This was sufficient, coupled with the facts stated, to support plaintiff’s action to quiet title. Empire R. & C. Co. v. Bender, 49 Colo., 522.
*213 • Discovering no error in the record, the judgment is affirmed.

Judgment Affirmed.