Hurlbut, J.,
delivered the opinion of the court.
Code action to quiet title commenced September 27, 1906, by appellant (plaintiff below) against appellee.'
The cross-complaint included in the answer asserts title in defendant to the disputed premises by virtue of a government patent, and further pleads that the title of plaintiff is based upon a tax deed recorded June 6, 1900, in the clerk’s 'office of Kiowa county, but alleges the same' to be absolutely void, and a cloud on defendant’s title. Beplication denies defendant’s title and possession; denies that the tax deed mentioned is void, on its face-or otherwise; and pleads the five years statute of limitations.
Decree was rendered in favor of defendant, quieting title in him, from which this appeal was taken.
At the trial defendant established title in himself by introducing in evidence, without objection, patent from the government of the United States, therein conveying to him the premises in issue.
Plaintiff offered in evidence treasurer’s deed for the premises, dated March 7, 1900, filed for record June 6, 1900, the grantee therein being S. B. Smith, from whom plaintiff deraigned title. Defendant objected to the introduction of the deed in evidence, alleging as reasons *249 (a) That the deed shows the sale of non-contiguous tracts of land en masse”for a gross sum; (b) that it' shows.the county bid off the preinises on the first day of sale, and fails to show that the same were offered on the first day of sale and from day to day thereafter until the last day of sale, the last day being the only time the county was authorized to purchase the property; (c) that it does not show what portion of the lands was sold, or that any lands were sold by the treasurer, in that no lands were described or referred to by apt words in the space provided for in the statutory form; and, lastly, (d) the acknowledgment was fatally defective. The court sustained the objection and excluded the deed from evidence. There was no error in this ruling. The tax deed reads, in part, as follows:
“Know all Men by these Presents, That, whereas, the following described real property, viz.: (non-contiguous tracts here described) situated in the County of Kiowa and State of Colorado, was subject to taxation * * * ; and, whereas, the Treasurer of the said County did, on the 22nd day of December, A. D. 1896, by virtue of the authority vested in him by law, at (an adjourned sale) the sale begun and publicly held on the 22nd day of December, A. D. 1896, expose to public sale at the office of the Treasurer in the County aforesaid, in substantial conformity with the requirements of the statute in such case made and provided, the real property above described, for the payment of the taxes, interest and costs then due, and remaining unpaid on said property; and, whereas, at the time and place aforesaid Kiowa County, of the County of Kiowa, and State of Colorado, having offered to pay the sum of One Hundred and Twenty-five Dollars and Eighty-five Cents, being the whole amount of taxes, interest and costs then due, and remaining unpaid on said property, for the year 1895, which was the least *250 quantity bid for, and payment of said sum having been made by Kiowa County to the said Treasurer, the said property was stricken off to Kiowa County at that price;” etc.
Under the first objection to the admission of the deed it will be seen that the deed was void on its face for the reason that it shows a tax sale en masse of non-contiguous tracts for a gross sum. — Page et al. v. Gillett, 47 Colo., 289, 107 Pac., 290; Empire R. & C. Co. v. Coleman, 23 Colo. App., 351, 129 Pac., 522. The second objection is also well taken. It will also be seen that the deed is void on its face for the reason that it shows the land sold was struck off to the county on the first day of the sale and fails to show it was offered from day to day until the last day of sale as required by statute. — Bryant v. Miller, 48 Colo., 692, 109 Pac., 959; Church v. Nielsen, 23 Colo. App., 211, 128 Pac., 880; Empire R. & C. Co. v. Howell, 23 Colo. App., 348, 129 Pac., 521; Empire R. & C. Co. v. Coleman, 23 Colo. App., 351, 129 Pac., 522; Empire R. & C. Co. v. Howell, 23 Colo. App., 265, 129 Pac., 245; Empire R. & C. Co. v. Gibson, 23 Colo. App., 345, 129 Pac., 520. The third-objection is equally good. The deed is void on its face because it does not appear in the proper place in the deed what lands were sold, either by description or apt words of reference. At the time this property was sold the sale of lands for delinquent taxes was different from a sale under execution, mortgage, trust deed, decree of court, etc., as in the latter cases the highest bidder was one who bid a certain amount for each tract or for all the premises offered, as the case might be, while in the former such bidder was the one who offered to pay the tax due for the smallest portion of the land offered. If the bid was for the whole of the property offered, then the second description of the land required by the statutory form need not have been a verbatim repetition of the former *251 description, but some phrase snch as “all said property,” “the whole of the property hereinbefore described,” etc., would have satisfied the statute, but if the bid had been for only a portion of the land offered, then it was necessary in the second description that the deed specifically, or by apt words, describe such portion so struck off ánd sold under the bid. — Lines v. Digges, 43 Colo., 166, 95 Pac., 341; Riley v. Lemieux, ante, 184, 132 Pac., 699.
No brief is filed by appellee. Appellant contends that there is no denial in the answer of plaintiff’s allegations of ownership set out in the complaint. It is true the answer does not deny in terms such allegations, but it contains this recital:
“That the said defendant is the owner and entitled to the possession of the following described real property (describing lands), by virtue of a patent duly made and executed by the United States of America, conveying the same to the said defendant.”
While the answer is loosely drawn in this respect, the recital just quoted is inconsistent with an admission of title or ownership in plaintiff, and is sufficient to raise an issue on plaintiff’s claim of title. — Dodge v. Millett et al., 23 Colo. App., 64, 127 Pac., 247; McCroskey v. Mills, 32 Colo., 272, 75 Pac., 910; Bessemer Ir. D. Co. v. Woolley, 32 Colo., 437, 76 Pac., 1053, 105 Am. St., 91.
The five years statute of limitations is not set in motion by a deed void on its face; Gomer v. Chaffee, 6 Colo., 314; Empire R. & C. Co. v. Irwin, 23 Colo. App., 206, 128 Pac., 867; and the plea is not 'available in an action to quiet title where the sole purpose of the action is to remove cloud on plaintiff’s title; Munson v. Marks, 52 Colo., 553, 124 Pac., 187; Empire R. & C. Co. v. Mason, 22 Colo. App., 612, 126 Pac., 1129.
*252 There are other errors discussed by appellant which need not be noticed, as those already disposed of show the tax deed to be void on its face and incompetent to fix any title to the disputed premises in plaintiff. Defendant showed fee title to the disputed land in himself, and was entitled to a decree quieting his title.
The record appearing to he free from error, the judgment will he affirmed.