[No. 3986.]

EMPIRE RANCH & CATTLE COMPANY v. BROWNSON ET AL.

1. TAX TITLES—*Void Deed.* A treasurer's deed which recites the sale of non-contiguous lands, *en masse,* for a gross sum, is void upon its face.
2. LIMITATIONS—*Void Deed—Effect.* The five years' statute (Rev. Stat. Sec. 5733) is not set in motion by a void deed.
3. —— *Color of Title and Payment of Taxes.* An action commenced, within the seven years next succeeding the first payment of taxes is not barred by the statute. (Rev. Stat. Sec. 4090.)

*Error to Washington District Court.* HON. H. P. BURKE, Judge.

MR. R. H. GILMORE for plaintiff in error.

MR. WILLIAM H. WADLEY for defendants in error.

BELL, J.

This action was brought by the defendants in error in the District Court of Washington, County, Colorado, May 31st, 1910, under sec. 255, Mills' Ann. Code, to quiet their title to the S. E. ¼, sec. 18, tp. 2 N. R. 51 W. of the 6th P. M.  The case was tried to the court without a jury, and a decree was entered quieting the title to the premises in the defendants in error upon their paying into the registry of the court for the use of the plaintiff in error the taxes, penalties and costs amounting to the sum of $77.00 expended by it. The defendants in error deraigned title to the premises through divers *mesne* conveyances to their father, John M. Brownson, from whom they inherited the same as his heirs-at-law.  The plaintiff in error relied upon the five and seven-year statutes of limitation and, in support thereof, set up a county treasurer's tax deed, which shows a sale of the premises together with other non-contiguous property *en masse* for a gross sum, thereby rendering the deed void upon its face: *Johnson v. Gibson*, 24 Colo. App. 392-3, 133 Pac. 1052; *Foster v. Gray*, 24 Colo. App. 247-50, 133 Pac. 146; *Callahan v. Reinhardt*, 24 Colo App. 199-200, 132 Pac. 387; and, being void upon its face, it did not set in operation the five-year statute of limitation: *Callahan v. Reinhardt, supra*.

Plaintiff in error contends that it has held the premises in dispute under claim and color of title made in good faith and has paid all taxes assessed there against for seven successive years immediately prior to the commencement of the action.  The tax deed relied upon as color of title was filed for record November 18th, 1902; the first payment of taxes after obtaining and recording said deed, which could have started the running of the seven-year statute, was made June 3rd, 1903; and the action was commenced May 31st, 1910,

some three days less than seven years from the date of said first payment. Less than seven years having expired between the date of· such payment and the commencement of the action, the statute did not become effective or supersede the fee simple title of the defendants in error: *Cristler v. Beardsley*, 25 Colo. App. 360, 138 Pac. 68.

· There are some technical questions of practice presented, but they are found not to be sufficiently serious to justify a reversal; hence, the decree of the trial court is hereby affirmed.

*Affirmed.*