560 P.2d 866

Iver J. LONGETEIG, Plaintiff-Respondent,

v.

Jack L. NEAL and Max Goodmiller, Defendants-Appellants.

No. 12052.

Supreme Court of Idaho.

Feb. 25, 1977.

Jack L. Neal, pro se.

Max Goodmiller, pro se.

Iver J. Longeteig of Runft & Longeteig, Boise, pro se.

## PER CURIAM:

Plaintiff respondent brought this action on October 3, 1973, for the collection of $287.00 in attorney fees allegedly earned in defending appellants Neal and Goodmiller in previous litigation involving the collection of attorney fees. The action was tried to a jury on July 9, 1975, in the magistrates court which returned a verdict in favor of respondent for the $287.00. Appellants filed a notice of appeal to the district court on July 14, 1975. Respondent subsequently moved to dismiss the appeal on the ground that the appellants had failed to file an appeal bond within ten days as required by Rule 83(h) of the Idaho Rules of Civil Procedure. After the filing of respondent's motion to dismiss, appellants filed with the clerk a $300 cash appeal bond, although the filing was not within the ten days provided for in Rule 83(h). The district court grant-

ed respondent's motion to dismiss the appeal for failure to file the necessary appeal bond within ten days.

Appellants have perfected an appeal to this Court from the order of the district court dismissing their appeal from the magistrates court to the district court. Appellants assign as error before this Court (1) the action of the district court in dismissing their appeal, and (2) several rulings of the magistrates court in the original trial proceeding which resulted in the judgment entered against them.

In support of their argument that the appeal should not have been dismissed the appellants assert that when they filed their *pro se* appeal from the magistrates court to the district court, the January 1, 1975, amendments to the Idaho Rules of Civil Procedure, which introduced Rule 83(h) into the Idaho rules and which required for the first time the filing of a cost bond within ten days in order to perfect an appeal from the magistrates court to the district court, had not been printed in the supplement to the Idaho Rules of Civil Procedure. Therefore, there was no way that the appellants, by reading the printed rules contained in the supplement to the Idaho Rules of Civil Procedure volume of the Idaho Code in the State Law Library, could have been aware of the rule change. They further point out that this action was commenced in 1973, and had been pending for over a year when the January 1, 1975, amendments to the Idaho Rules of Civil Procedure took effect, and therefore they contend that the district court abused its discretion in not ruling, pursuant to Rule 86[1] of the January 1, 1975, amendments, that the amended Rule 83(h) should not apply to their pending action.

We have reviewed the entire record and are of the opinion that, because the 1975 amendments were unavailable to appellants at the time that they prepared

---

1. "Rule 86. Effective date.—These rules as amended shall take effect on January 1, 1975 and thereafter all laws and rules of civil procedure in conflict therewith shall be of no further force or effect. They govern all proceedings in actions then pending, except to the extent that in the opinion of the court, expressed by its order, their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the procedure existing at the time the action was brought applies."

their *pro se* appeal from the magistrate court to the district court, the district court erred in applying the strict requirements of Rule 83(h) to appellants' appeal, particularly in view of the fact that the necessary appeal bond had been deposited, in cash, with the clerk prior to the time that the court ruled upon the motion to dismiss the appeal. In our view Rule 86 was intended to cover just these sorts of situations. "These rules [were intended to] be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1(a). The district court erred in dismissing appellants' appeal from the magistrates court to the district court, and the cause is remanded to the district court with directions to reinstate the appeal.

 Appellants in their brief and argument have requested the Court not only to reinstate the appeal, but to decide the merits of their appeal, i. e., to decide whether the magistrates court erred in the conduct of the trial which was held before it. However, by reversing the decision of the district court and reinstating the appeal, the action is necessarily back before the district court, and that court, pursuant to Rule 83(b), can elect either to review the magistrate's trial in an appellate proceeding, or to order a trial *de novo* in the district court. Those are actions and decisions for the district court to make and not for this Court. Therefore we decline to rule upon appellants' claim of errors made by the magistrates court.

Costs to appellants.

SHEPARD, J., dissents without opinion.