563 P.2d 35

**In the Matter of the ESTATE of Louise ROUCH, Deceased.**

**TWIN FALLS BANK AND TRUST COMPANY OF TWIN FALLS, Administrator of the Rouch Foundation Trust, Petitioner-Respondent,**

v.

**The BOY SCOUTS OF AMERICA, SNAKE RIVER AREA COUNCIL, Contestant-Appellant.**

No. 12278.

Supreme Court of Idaho.

April 6, 1977.

Rehearing Denied May 13, 1977.

J. Alfred May, of May, May, Sudweeks & Fuller, Twin Falls, for contestant-appellant.

Russell K. Kvanvig, of Plankey, Johnson, Kvanvig & Stoker, Twin Falls, for petitioner-respondent.

McFADDEN, Chief Justice.

This is an appeal from a dismissal of an appeal from the magistrate court to the district court for failure to file a cost bond. I.R.C.P. 83(h) requires a cost bond to be posted within 10 days in the sum of $300.00 or such greater amount as ordered by the district court. Without first posting a bond of $300.00, the appellant moved the district court to determine the amount of the cost bond. The district court dismissed the appeal because no cost bond had been filed and more than 10 days had elapsed since the notice of appeal was filed.

Appellant maintains that the filing of a motion to determine the amount of the cost bond tolls the requirement that a $300 bond must be filed within 10 days of appeal. We disagree. I.R.C.P. 83(h) is explicit. The appellant must file a $300.00 bond within 10 days of his appeal. If he, or the respondent on appeal, desires the court to determine whether the bond should be posted in a greater amount then either of them may so move.

In *Longeteig v. Neal*, Idaho, 560 P.2d 866 (1977), the appellants, acting pro se, also failed to file the $300.00 appeal bond. There the complaint was filed long before the January 1, 1975 amendments to the I.R.C.P., and this court, under the authority of I.R.C.P. 86 (adopted January 1, 1975), applied the rules of procedure which were in effect at the time the action was filed. No similar circumstances are present here.

Judgment affirmed. Costs to respondent.

DONALDSON and SHEPARD, JJ., concur.

BAKES, Justice, dissenting:

Long ago this Court held that failure to file the cost bond on appeal to this Court required by I.C. § 13–203 was jurisdictional and must of necessity result in a dismissal of the appeal, *Foresman v. Board of Commissioners*, 11 Idaho 11, 80 P. 1131 (1905).

However, the history of the requirement of an undertaking on appeal from the justice or probate court to the district court or, after court reform, from the magistrate court to the district court, is entirely different. I.C. § 17–105, which was enacted in

1881, and remained unchanged until it was repealed by chapter 268 of the 1971 Session Laws, did impose an undertaking in the amount of $100.00 on an appeal from a justice or probate court to the district court. The statute specifically provided that the appeal was "not effectual for any purpose unless an undertaking be filed." Failure to file the undertaking was a jurisdictional defect. *LaSalle Extension Univ. v. District Court*, 52 Idaho 559, 16 P.2d 1064 (1932). However, the statute did not set any time limit within which the undertaking was required to be filed, unlike the requirement of I.C. § 13–202 dealing with appeals from the district court to the Supreme Court. It is unclear whether the bond had to filed with the notice of appeal, or at any time within the thirty day appeal time, or merely at any time prior to the court granting a motion to dismiss for failure to file the necessary bond.

After the repeal of I.C. § 17–105 in 1971, the only requirement for a bond on appeal from the magistrate court to the district court was contained in Rule 3 of the Civil Appellate Rules. The bond provided in that rule was a supersedeas bond, and not an undertaking for costs, and there was no jurisdictional requirement. It was not until January 1, 1975, when the 1971 Civil Appellate Rules were rescinded, and the Idaho Rules of Civil Procedure were amended by the addition of Rule 83 which dealt with appeals from the magistrate court to the district court, that the requirement of a cost bond was re-introduced into the appellate procedure from the magistrate court to the district court. The amount of the bond under I.R.C.P. 83(h) is not necessarily set at $300.00, but could be fixed in such greater amount as the district court ordered.

Since we are today construing for the first time the language in I.R.C.P. 83(h), and recognizing that prior to the promulgation of Rule 83(h) on January 1, 1975, there was no provision for an undertaking for costs on appeal from the magistrate court, we are free to decide *de novo* what the proper sanction should be for failure to properly or timely post the undertaking required by our own Rule 83(h). We are not necessarily bound to interpret our own 1975 rule the same way that this Court interpreted substantially differently worded statutes of the legislature three quarters of a century ago. This view finds support in that the Idaho Supreme Court Appellate Rules Committee in the fall of 1976 submitted to the Supreme Court a final report and recommendation for new Appellate Rules in Idaho, which proposed rules would eliminate entirely the requirement of a cost bond. *See* Report of the Idaho Supreme Court Appellate Rules Committee, proposed Rule 16(a). The report of that committee further recommends that the only jurisdictional requirement for perfecting an appeal would be the timely filing of the notice of appeal. *See* Committee Report, proposed Rule 21.

By order of this Court dated March 25, 1977, the new Appellate Rules were approved effective July 1, 1977. Furthermore, pursuant to recommendations of the Appellate Rules Committee, I.C. §§ 13–202, –203 and –222 have been repealed by the current session of the legislature. S.B. 1198, approved by the Governor on March 29, 1977. Thus, effective July 1, 1977, there will no longer be any requirement of a cost bond on appeals to the Supreme Court. There will no doubt be a corresponding repeal of I.R.C.P. 83(h) effective July 1, 1977.

In view of the foregoing and particularly under the circumstances of this case where the appellant filed a motion with the court to fix the amount of the cost bond within the ten day period as Rule 83(h) permits, I would hold that the $300 cost bond required by I.R.C.P. 83(h) is not a jurisdictional requirement and failure to file it constitutes only a ground for dismissal of the appeal if the appellant fails to file the necessary cost bond within a reasonable time. Even if the requirement was jurisdictional, the filing of appellant's motion to fix that bond within the ten day period satisfied that jurisdictional requirement. The district court should have acted on appellant's motion to fix the amount of the bond and then given

appellant a reasonable time, such as ten days, to file it. Then if no bond was filed it should have dismissed the appeal.

I would reverse and remand for further proceedings to set the amount of the bond required by Rule 83(h).

BISTLINE, J., concurs.