591 P.2d 1074

Glen J. ERICKSON and Jacquelyn B. Erickson, husband and wife, Plaintiffs, Appellants and Cross-Respondents,

v.

Donald AMOTH and Myrna Amoth, husband and wife, Defendants, Respondents, and Cross-Appellants,

Max I. Owen and Wilma L. Owen, husband and wife, Defendants.

No. 12503.

Supreme Court of Idaho.

Dec. 4, 1978.

Rehearing Denied March 28, 1979.

Neil O. Walter of Wilson & Walter, Bonners Ferry, for plaintiffs, appellants and cross-respondents.

James F. Lyons of Nixon, Nixon, Lyons & Bell, Bonners Ferry, for defendants, respondents and cross-appellants.

SHEPARD, Chief Justice.

This is an appeal from a judgment in favor of defendants following trial to the court of an action by Glen and Jacquelyn Erickson, private parties seeking to condemn a road right-of-way across defendants' property. We affirm.

Respondents Amoths have moved that this appeal be dismissed for lack of jurisdiction in that appellants Ericksons failed to file a cost bond within the required period. Notice of this appeal was filed on January 10, 1977, and at that time I.C. § 13–203 required that an appeal be perfected by the filing of a cost bond or money in lieu thereof. At the time of the notice of appeal, a personal check in the sum of $755.86 was tendered to the clerk of the district court. That check ordinarily would have been cashed and placed in the district court trust account. Respondents contend since the check was not cashed it does not constitute an appeal bond and hence under the authority of *Martinson v. Martinson*, 90 Idaho 490, 414 P.2d 204 (1966), the appeal must be dismissed. We need not, however, address that assertion since during the pendency of this appeal I.C. § 13–203 was repealed and I.A.R. 16(a) adopted, which expressly eliminates the requirements of posting a cost bond on appeal. I.A.R. 1 provides in pertinent part:

. . . These rules shall take effect on July 1, 1977, and thereafter all laws and rules of appellate procedure in the Supreme Court in conflict therewith shall be of no further force or effect. These rules shall govern all proceedings pending in

the Supreme Court on the effective date or thereafter commenced, but shall not control as to the time for filing a notice of appeal if the judgment or order appealed from was entered before July 1, 1977, in which case the time for appeal shall be as provided by law on June 30, 1977.

■ Since the sole exception to I.A.R. 1 above *i. e.*, the timely filing of the notice of appeal, has been here satisfied, we hold that any defect which might have existed under the rule in *Martinson* was cured by the promulgation of I.A.R. 16(a), during the pendency of this appeal. Respondents' motion to dismiss is denied.

The Ericksons own some 382 acres of property in the vicinity of Bonners Ferry, Idaho. The land is in the shape of an inverted "L." The northernmost part of the property is separated from the southern remainder by a steep canyon and without crossing that canyon, there is no way to reach the northern portion of the property and remain within the Ericksons' property. Approximately 70 acres lie in that northern portion and the Ericksons desired to grow hay thereon. It is alleged that an easement was necessary across the land of the Amoths to bring farm equipment to the said 70 acres and to haul hay therefrom.

The Erickson property is bounded by the Lederhos property on the northwest and the Amoth property on the west. The Amoths' and the Ericksons' properties are bounded on the south by a county road. An old logging skid road runs from the county road northerly, bisecting the Amoths' land and ultimately ending on the Ericksons' property. It is that road over which the Ericksons seek to exercise condemnation to provide access to their northerly property.

The Ericksons brought this action under I.C. § 7–701(5), to condemn a way across the land of the Amoths within the limits of the aforementioned logging road. The Ericksons allege that the road which they were seeking was the only adequate and sufficient access to the northern and isolated portion of their land holdings and claimed that they had made a good faith offer to

purchase the easement from the Amoths, which offer was refused. (Originally, the Ericksons had also claimed a prescriptive easement, but that theory was abandoned and is not involved in this appeal.) The Amoths denied that the Ericksons were entitled to an easement and asserted that the Ericksons had alternative means of access. The Amoths also claimed that the easement would destroy their privacy.

- Following trial, the court entered findings and conclusions to the effect that the Ericksons had not proven reasonable necessity to condemn a roadway across the Amoths' land. Judgment was entered thereafter dismissing plaintiffs' complaint.

The trial court held that the use to which the Ericksons desired to put the easement was authorized by law. *See* I.C. §§ 7–704(1), 7–701(5); Idaho Const. art. 1, § 14. The trial court found that the Ericksons had made a good faith offer to settle with the Amoths, but that no agreement had been made. *See* I.C. § 7–707(6). Those holdings of the trial court are not challenged on appeal. The trial court further found that the roadway sought to be condemned by the Ericksons was "the most adequate and convenient access" to their land, but held that the Ericksons had not proved the necessity to take the Amoths' land. *See* I.C. § 7–704(2).

■ The Ericksons challenge the finding of the trial court relating to the damages, costs and inconvenience that the Amoths would suffer as bearing on the question of necessity. The trial court found that the Amoths would be required to build substantial fencing along the sides of the right-of-way to keep their cattle off the proposed road. That finding is supported by the evidence and will not be disturbed. While the trial court may have erred in finding that the Amoths were grazing their cattle on the land at the time of trial, it is clear that they had used their land for grazing in the past and were considering it in the future. Thus, the proposed road would, as found by the trial court, limit the utility of the Amoths' land for grazing pur-

poses. The error, if any, of the trial court in finding a specific time when cattle were grazing on the land does not require reversal of the decision of the court below.

 The Ericksons also assign as error the finding by the trial court that there were at least two other roads which would provide them access to the property. The burden of proving necessity for taking land is upon the condemnor, but he need only prove a reasonable, and not an absolute, necessity. *McKenney v. Anselmo*, 91 Idaho 118, 416 P.2d 509 (1966); *Grangeville Highway District v. Ailshie*, 49 Idaho 603, 290 P.2d 717 (1930). As condemnors, the burden was upon the Ericksons to justify the taking of the Amoths' land and their choice of route is not accorded the deference normally given the decision of a public agency. *Eisenbarth v. Delp*, 70 Idaho 266, 215 P.2d 812 (1950). The Ericksons demonstrated at trial that it would not be possible to traverse the canyon severing the northern and southern parts of their land and the trial court held that it would not be reasonable or feasible to require them to construct such a road. However, the Amoths specifically alleged that the Ericksons had alternative means of access and produced evidence of such alternative means of access, including one road then in use by the Ericksons pursuant to a license agreement with the Lederhoses, who owned adjoining property. It was then incumbent upon the Ericksons to prove that the alternative means of access were not available to them or that such means of access were not reasonably adequate or sufficient for their purposes. *McKenney v. Anselmo, supra; Eisenbarth v. Delp, supra.* The evidence supports the finding of the trial court that alternative access routes existed and the trial court was, therefore, correct in holding a case of necessity did not exist. *Eisenbarth v. Delp, supra.*

 The Ericksons belatedly attempted to establish the insufficiency of the Lederhos route in an affidavit in support of their motion for a new trial. Such a technique may not be used to demonstrate facts to attack the finding of a trial court made

following trial. *Bradford v. Simpson*, 97 Idaho 188, 571 P.2d 612 (1975). The motion for a new trial is addressed to the sound discretion of the trial court and absent an abuse of such discretion, a denial thereof will not be the subject of reversal on appeal. *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 561 P.2d 1299 (1977). We find no abuse of discretion here. The Ericksons further argue that the trial court erred in not finding that the license agreement providing access over the Lederhos' land was a limited license. The fact that the Ericksons' existing access was by way of a license, rather than an easement across the Lederhos' land, does not destroy either the evidence or the finding of the court that alternative access routes existed nor the trial court's holding based thereon that necessity for condemnation did not exist. *McKenney v. Anselmo, supra.*

Here the trial court balanced "the relative situations pro and con * * * as to the respective convenience, inconvenience, costs and all other pertinent, connected facts; * * * in determining whether a reasonable necessity" existed for the taking of the property. *Eisenbarth v. Delp, supra.* The trial court's balancing determination as to necessity is supported by substantial, competent although conflicting evidence and will not be disturbed on appeal. *McKenney v. Anselmo, supra.*

 On their cross-appeal, the Amoths raise issues which center primarily on the alleged unconstitutionality of condemnation statutes and circumstances similar to those presented here. Unless necessary to the decision, we will not pass on the constitutionality of statutes and decline to do so in the instant case. *Swensen v. Buildings, Inc.*, 93 Idaho 466, 463 P.2d 932 (1970); *Hill v. Schultz*, 71 Idaho 145, 227 P.2d 586 (1951).

The judgment and orders of the trial court are affirmed. Costs to respondent.

DONALDSON, BAKES and BISTLINE, JJ., concur.

McFADDEN, J., concurs in the result.