590 P.2d 99

**NORTHWEST HEALTH CARE, INC., an Idaho Corporation, Caldwell Convalescent Home, Cascade Convalescent Home, Emmett Convalescent Home, Lewiston Convalescent Home, Nampa Convalescent Home, Weiser Convalescent Home, Plaintiffs-Appellants,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Defendant-Respondent.**

**No. 12762.**

Supreme Court of Idaho.

Jan. 31, 1979.

Donald W. Lojek, of Martin, Chapman, Martin & Hyde, Boise, for plaintiffs-appellants.

David H. Leroy, Atty. Gen., James F. Wickham, Asst. Atty. Gen., Boise, for defendant-respondent.

DONALDSON, Justice.

Appellants, Northwest Health Care, Inc., et al., appeal from the decision and order of the district court granting the respondent's, Idaho Department of Health and Welfare, motion to dismiss for failure to file a cost bond pursuant to Rule 83(h), Idaho Rules of Civil Procedure. On January 17, 1977, Northwest Health Care brought a petition for judicial review and appeal in district court challenging an administrative decision of the department. Then on January 24, 1977, the parties stipulated to an appeal procedure to the district court. Subsequent to the stipulation, the department submitted a written motion to dismiss the petition for the plaintiffs' failure to file a cost bond within ten days of filing their petition as required under I.R.C.P. 83(h). Northwest did file a cost bond on July 27, 1977. But this filing occurred nineteen days after the effective date (July 1, 1977) of the

Idaho Supreme Court's rescission of the cost bond requirement in Rule 83(h). Subsequently, on August 30, 1977, the district court in a memorandum opinion and order, granted the department's motion to dismiss, and Northwest then brought this appeal.

The Idaho Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1. This rule embodies the policy which favors providing an appellant his day in court. *See Bunn v. Bunn,* 99 Idaho 710, 587 P.2d 1245 (1978).

We have reviewed the arguments of counsel in this case and we can find no reason in law, logic, or social policy to deny appellants their day in court. It is true that Northwest Health Care did not file a cost bond within ten days of filing its petition for review, but it did eventually file its cost bond prior to the district court's decision dismissing the appeal. From the record and oral arguments we discern no prejudice suffered by the Department of Health and Welfare by this late filing. Even in the absence of any filing of a cost bond, we can discern no prejudice to the respondent in light of the fact that this Court rescinded the cost bond requirement, effective July 1, 1977. Thus when the appellant filed the cost bond on July 27, 1977, there was no such requirement in effect. When the district court granted the department's motion to dismiss, there was no such requirement in effect. Further, the fact that the parties to this action stipulated to an appeal procedure to the district court which they would follow, apparently without any regard to the cost bond requirements of Rule 83(h), strengthens our conclusion that the department suffered no prejudice and that the trial court should have denied its motion to dismiss. *Cf. Erickson v. Amoth,* 99 Idaho 907, 591 P.2d 1074 (1978) (failure to file cost bond within required period did not necessitate dismissal of appeal).

For the reasons stated, we reverse and remand this action to the district court for further proceedings.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and SCOGGIN, J. pro tem., concur.

BAKES, Justice, concurring specially:

I concur in the result reached by the Court today for the reasons expressed in my dissenting opinion in *Matter of Estate of Rouch,* 98 Idaho 311, 563 P.2d 35 (1977).

BISTLINE, Justice, concurring specially.

I concur with what Justice DONALDSON has written and am equally in concurrence with what Justice BAKES has written.

It is to be further observed that the filing of a cost bond as required by I.C. § 13–202 (now repealed) has only been considered as a jurisdictional requirement by reason of the decisions of this Court. When one keeps in mind that provision of our Idaho Constitution that the courts shall be open to every person, art. 1, § 18, that there have been many new pronouncements in constitutional law, a more enlightened modern decision would be to nullify the ancient statutory requirement that a three hundred dollar cost bond be posted in order to exercise the right of appeal. In the early days of Idaho history, a three hundred dollar cost bond was in many instances a prohibitive amount of money, and therefore the statute was in *prima facie* violation of the constitutional provision.

Additionally, and I think inherent in the Court's opinion today, is the proposition that the respondent, by reason of its stipulation, long delay in raising the jurisdictional issue, and acquiescence in an appeal procedure so agreed upon, is estopped from raising the jurisdictional challenge. It is true that in days gone by, the cost bond requirement was held to be jurisdictional, and that the parties could not by any act of theirs confer jurisdiction upon the Court. Those early cases are reflective only of the Court's earlier conclusion that jurisdiction could not be imposed upon it by the acts of the parties or litigants. However, and in addition to article 1, § 18, it also would be proper to hold today that article 5, § 9, of

the Idaho Constitution was equally violated by I.C. § 13–202, insofar as it was considered jurisdictional to the extent that an unbondable party could not gain an appellate review.

Finally, for my part, I am of the opinion that what Justice Ailshie wrote for this Court in *Foresman v. Bd. of Commissioners,* 11 Idaho 11, 80 P. 1131 (1905), is applicable here. That case also had to do with appeals *to* the district court, taken from orders of the boards of county commissioners. The precise question was whether the requirement of a cost bond was as jurisdictional a requirement under the particular statute, now I.C. § 31–1509, as it was in appealing *from* district court under the provisions of I.C. § 13–202. In *Foresman,* mention was made of an earlier case which stated that "the giving of an undertaking on appeal from an order of the board of commissioners to the district court is not jurisdictional, and that an undertaking in such case can be demanded only after the judge of the district court has made his order requiring such undertaking, and fixing the amount thereof." *Id.* at 12, 80 P. at 1131. Whether or not that continued to be the law in Idaho is of no real moment. The philosophy of that statement is sound and should be here applied to the administrative review in district courts provided for by the Administrative Procedure Act, especially when considered in light of the two constitutional provisions above mentioned.