597 P.2d 234

LeVell NEAL, Plaintiff-Appellant,

v.

Harvey J. HARRIS,
Defendant-Respondent,

Curlew Irrigation Company, Intervenor.

No. 12782.

Supreme Court of Idaho.

July 10, 1979.

Kenneth E. Lyon, Jr., Pocatello, for plaintiff-appellant.

Kent W. Foster, Idaho Falls, for defendant-respondent.

BAKES, Justice.

On December 19, 1975, the Idaho Department of Water Resources approved defendant respondent Harvey J. Harris's application for a permit to pump groundwater. Plaintiff appellant LeVell Neal had contested Harris's application before the Department of Water Resources, and he appealed to the district court, pursuant to I.C. § 42–203, the department's order which granted Harris a permit. Neal's "Petition for Hearing and Notice of Appeal" was filed with the district court on February 17, 1976, the sixtieth day following issuance of the Department of Water Resources order. Harris moved to dismiss Neal's appeal, arguing that Neal's failure (1) to append a certified copy of Harris's application for water permit to the petition for appeal and (2) to file a cost bond with the district court pursuant to I.R.C.P. 83(h) rendered the appeal ineffectual. The district court granted Harris's motion to dismiss the appeal, stating that Neal's failure to submit a certified copy of Harris's application for a water permit with his petition for appeal within sixty days of the Idaho Department of Water Resources order rendered the appeal invalid. We reverse.

The applicable part of I.C. § 42–203 which governs appeals to the district court from the Department of Water Resources decision granting or denying an application for a water permit reads as follows:

"Any person or corporation who has formally appeared at the hearing, feeling aggrieved by the judgment of the director of the department of water resources may appeal therefrom to the district court of the county in which the point of diversion of the proposed appropriation shall be situated. *Such appeal shall be taken within sixty (60) days from the ruling or action of the director of the department of water resources and shall be perfected when the appellant shall have filed in the office of the clerk of such district court a copy of the application, certified by the director of the department of water resources as a true copy, together with the petition to such court setting forth the appellant's reason for appeal.* A copy of such petition shall be served upon all persons or corporations adversely affected who appeared at the hearing. Such appeal shall be heard and determined upon such competent proof as shall be adduced or offered by the department of water resources or some person duly authorized in its behalf. Upon hearing of said cause, the district court shall have jurisdiction to reverse and remand said cause for further hearing before the director of the department of water resources or dismiss said cause, or may affirm the ruling of the director of the department of water resources, or may modify the decision appealed from in any manner which the said district judge shall deem to comport with equity and justice." (Emphasis supplied.)

The trial court dismissed appellant Neal's appeal for failure to file with the clerk of the district court a copy of Harris's application for a water permit within sixty days after issuance of the Department of Water Resources order. I.C. § 42–203 requires an appeal to be *taken* within sixty days from the action of the Department of Water Resources. The statute further requires an appellant to *perfect* the appeal by filing in the district court a copy of the applicant's application for a water permit together with a petition setting forth the appellant's reasons for the appeal. The issue which we must decide is whether or not in "perfect-

ing" an appeal pursuant to I.C. § 42–203 the appellant must file a certified copy of the application for water permit within sixty days of issuance of the order appealed from.

It is generally held in appellate practice that "an appeal or error proceeding is perfected when all of the steps outlined by statute for obtaining a review have been complied with." 4 Am.Jur.2d, Appeal & Error, § 295 (1962). Some of the steps involved in the perfecting of an appeal, i. e., preparation of the clerk's record and court reporter's transcript, cannot ordinarily be completed within the time limit provided for taking an appeal. As a result the perfecting of an appeal usually is accomplished in two stages. The first, the filing of the notice of appeal, must be done within a prescribed time limit. The preparation of the clerk's record and reporter's transcript are then accomplished at a later time.

■ The policy expressed in the rules of this Court is that appeals from the district courts or the Public Utilities Commission or Industrial Commission are made by filing a notice of appeal with the court or agency from which the appeal is taken within the time provided for in the rules. I.A.R. 14. Perfection of the appeal, i. e., preparation of the transcript and record, is reserved to a later time. Under I.A.R. 21, timely filing of the notice of appeal is the only jurisdictional requirement. All other steps in the appellate process are not jurisdictional, and failure to timely take these steps is only grounds for imposing sanctions where, because of delay and potential prejudice, the court deems them appropriate. We conclude that for jurisdictional purposes an appeal from the Department of Water Resources to the district court under I.C. § 42–203 has been taken when the appellant files his petition setting forth the appellant's reason for appeal in the appropriate district court. Failure to take the additional steps outlined in I.C. § 42–203 is only grounds for the court to exercise its discretion in imposing sanctions, including dismissal, if any delay caused thereby can fairly be said to have prejudiced the other party or parties to the appeal. The district

court erred in dismissing the appeal without an express finding that the failure to "perfect" the appeal has resulted in delay which has prejudiced the respondent.

■ Respondent Harris asserts before this Court that there was an additional separate ground for affirming the trial court's dismissal of the appeal. Harris argues that appellant Neal failed to file a cost bond or undertaking with the district court within ten days of filing his notice of appeal, as required by I.R.C.P. 83(h). While in effect, from January 1, 1975, to July 1, 1977, I.R.C.P. 83(h) required a litigant taking appeal to the district court to file a cost bond or undertaking in the district court within ten days after filing his notice of appeal. Plaintiff appellant Neal argues that Rule 83(h) did not apply to appeals to the district court taken from administrative agencies, but only to appeals to the district court from the magistrates division of the district court.

In the recent case of *Northwest Health Care, Inc. v. Idaho Department of Health & Welfare*, 99 Idaho 843, 590 P.2d 99 (1979), the district court granted respondent's motion to dismiss the appeal as a result of appellant's failure to file a cost bond within ten days of filing his notice of appeal as required by Rule 83(h). We reversed and ordered the district court to hear the merits of the case, noting that although Rule 83(h) was in effect at the time the appeal was filed, the district court's decision to dismiss the appeal was made subsequent to rescission of Rule 83(h). We stated therein that although the appellant did eventually file a cost bond prior to the district court's dismissal of his appeal,

> "Even in the absence of any filing of a cost bond, we can discern no prejudice to the respondent in light of the fact that this Court rescinded the cost bond requirement, effective July 1, 1977." 99 Idaho at 844, 590 P.2d at 100.

We noted in *Bunn v. Bunn*, 99 Idaho 710, 587 P.2d 1245 (1978), that:

> "It has long been judicial policy in Idaho that controversies be determined and disposed of each on its own particular facts

and as substantial justice may require. The exercise of judicial discretion should tend to bring about a judgment on the merits." 99 Idaho at 711, 587 P.2d at 1246.

The judicial policy embodied in the Idaho Rules of Civil Procedure which favors giving the litigant his day in court, the technical nature of respondent's argument in view of the rescission of Rule 83(h) subsequent to the time this appeal was taken, and the fact that Rule 83(h) when in effect did not clearly require the posting of a cost bond when an appeal was taken to the district court from an administrative agency convinces this Court that plaintiff appellant Neal's appeal should not be dismissed for failure to file a cost bond pursuant to Rule 83(h).

Reversed and remanded for further proceedings.

DONALDSON, C. J., and SHEPARD, McFADDEN and BISTLINE, JJ., concur.